WILLIAM H. HERDMAN *et al.*, Plaintiffs in Error, *v.* WILLIAM H. SHORT, Executor, etc., Defendant in Error.

## ERROR TO JEFFERSON.

In a proceeding by an administrator to sell the real estate of his decedent, unless the mode pointed out by the statute for bringing the parties interested before the court is pursued, there will be such a want of jurisdiction as will vitiate the order for sale.

Infant heirs, who have not guardians appearing for them, must be represented by guardians *ad litem.*

THE defendant, William H. Short, as executor of Lydia Kirby, deceased, filed his petition in the circuit court of Jefferson county, against Mary Napper, Jonathan Ogden, guardian, and Mary, Sarah, and Eliza Jane Kirby, minor heirs of Lydia Kirby, deceased, for the sale of the real estate of which Lydia Kirby died siezed, to be applied to the payment of her debts. Two writs of summons were issued, one of which was served

upon Ogden, and the other returned served upon four of the defendants.

The summons contain the names of Mary Napper, Ogden, and Mary, Sarah, and Eliza J. Kirby, and in favor of Short as executor, and against this Mary Napper, Ogden, and Mary, Sarah, and Eliza J. Kirby. A certificate of the court of probate appears in the record, showing that the personal estate of Lydia Kirby is insufficient to pay the debts of the deceased. The petition is not in the record.

At the March term, 1849, of the Jefferson Circuit Court, DENNING, Judge, presiding, judgment was rendered against the defendants by default, and an order was granted to sell real estate described in the petition, which was afterward sold, as appears from report of defendant in error.

Four of the plaintiffs were minors, and no appearance was made for them by their guardian, or other person, as guardian *ad litem.*

R. S. NELSON, for Plaintiffs in Error.

D. BAUGH, for Defendant in Error.

CATON, J. This was a proceeding instituted by an administrator, to sell the real estate of an intestate, for the payment of debts. A summons was issued in the usual form, as for ordinary cases, and was served on one of the adult heirs, but was not served on the infant heirs, nor was any notice to them published. A default was taken against all of the heirs, without any guardian *ad litem* having been appointed for the infants. These irregularities are assigned for error; and they are fatal.

The 103d section of our statute of wills, provides that in case of a proceeding of this kind, " it shall be the duty of such administrator or executor, to give at least thirty days' notice of the time and place of presenting such petition, by serving a written notice of the same, together with a copy of said account and petition, on each of the heirs, or their guardians, or devisees of said testator or intestate, or by publishing a notice for three weeks successively, commencing at least six weeks before the presenting of said petition, of the intention of presenting the same to the circuit court, for the sale of the whole or so much of the real estate of the said testator or intestate as will be sufficient to pay his or her debts, and requesting all persons interested in said real estate to show cause why it should not be sold for the purposes aforesaid."

This statute was not complied with in any particular; not even as to Ogden, upon whom the summons was served.

Where no publication was made, as in this case, the statute requires a copy of the petition and account, which is filed in the circuit court, to be served on each heir or guardian. Without this, there was a want of jurisdiction, so far as the persons were concerned; and although this proceeding partakes much of the character of proceedings *in rem*, if it is not strictly so, yet the court has no authority to act, except under and in conformity to the statute. The want of the notice and copies, as required by the statute, renders all of the subsequent proceedings irregular and erroneous, if not absolutely void.

The 107th section of the statute of wills requires the court to appoint a guardian *ad litem*, for infant heirs who have no guardian appearing for them. An omission to do this would be error.

The order for the sale of the real estate must be reversed, and the cause remanded.

*Order reversed.*