THE MOLINE WATER POWER AND MANUFACTURING COMPANY, impleaded, etc., Appellant, *v.* ALFRED WEBSTER, Administrator of the estate of D. Benton Pitts, Appellee.

#### APPEAL FROM ROCK ISLAND.

A proceeding by an administrator to sell real estate is not a chancery proceeding.

An allowance by the probate court of a claim against an estate is not conclusive against an heir in this proceeding, and he may contest its validity.

Equitable claims may be allowed by the probate court, and it would seem that real estate may be sold for their payment.

Debts against a copartnership of which a decedent was a member, the partnership assets being exhausted, may become equitable claims against his estate, but not to be paid until after his individual debts have been liquidated.

An order for the sale of the real estate of a decedent must specify whether it shall be sold for cash or on a credit, and on what credit.

ALFRED WEBSTER, as administrator *de bonis non*, filed with the County Court of Rock Island his petition, substantially as follows:

To the Hon. Cornelius Lynde, Jr., Judge, etc., and alleges, in substance, that D. Benton Pitts died December 8th, A. D. 1857; that January 12th, 1858, Cyrus Pitts was appointed administrator of the personalty, etc.; that said Cyrus Pitts made an inventory and caused an appraisement bill of the personal estate, and credits of said D. Benton Pitts, to be made; that the appraisement bill amounts to $542.10, besides claims amounting to $234; that said C. Pitts disposed of personal property and claims, to the amount of $451.43, and paid indebtedness to the amount of $264.04; that petitioner was appointed administrator *de bonis non* Oct. 22nd, 1859; that petitioner has received from said Cyrus Pitts, personalty and claims amounting to $276.54, and also claims to the amount of $167.75, of doubtful value, " and that said personal property and claims now in your petitioner's possession as aforesaid, is all of the personal property and claims belonging to the said estate, and all that will be available for the payment of the indebtedness of said estate;" and there exist unpaid claims allowed against the estate, to the amount of $25.711.58, and the further sum of $10,000, of claims not allowed, and for necessary expenses of administration; that petitioner has rendered a full and true account of the personal property, and has applied the same, so far as collected, to the payment of the debts, and there is a deficiency of the personal property to pay the debts of the intestate; " that the said D. Benton Pitts died seized in fee simple of certain real estate in said county situate, which said real estate is set out and described in a schedule thereof hereunto attached, marked ' Schedule B,' and made part of this petition; that deceased left as his heirs, Hiram Pitts, Cyrus Pitts, Gideon Pitts, Caroline E. P. Gilbert, and Elias S. Gilbert. That one Harvey George, and the Moline Water Power and Manufacturing Company, a corporation under and by virtue of the laws of this State, are *in possession* of a portion of said real estate, and, as your petitioner is informed and believes, claim title to some portion thereof, but your petitioner avers that their claim of title, of whatever nature it may be, is subject to the rights of your petitioner as administrator as aforesaid." Prays that Hiram Pitts, Gideon Pitts, Cyrus

APRIL TERM, 1861.     235

Moline Water Power and Manufacturing Co., impl., etc., *v.* Webster.

Pitts, Elias S. Gilbert, Caroline E. P. Gilbert, Harvey George and the appellant here, may be summoned and required to defend the same, or that their rights in the premises be forever barred; and that the court will order a sale of so much of said real estate as may be sufficient to pay the debts of said estate, etc.

Also " Schedule A," of claims allowed against the petitioner in the County Court of Rock Island county, amounting to $25,711.58.

Also " Schedule B," describing real estate which belonged to D. B. Pitts at his decease.

To this petition was filed an answer, as follows:

" The answer of the Moline Water Power and Manufacturing Company, a corporation, etc., to the petition of Alfred Webster, Esq., administrator *de bonis non* of the estate of D. Benton Pitts, for an order to sell certain real estate for the payment of debts of his intestate."

Reserves all right of exception, etc.; admits the death of D. Benton Pitts, and the appointment of Cyrus Pitts administrator, as alleged in the petition; admits that Cyrus Pitts made an inventory of part of the personalty of his intestate, and of certain credits, and lands, but denies that the inventory was full, true or correct, in respect to the personalty, or that the lands were ever the lands of D. Benton Pitts; denies that any appraisement bill of the personalty was ever made; admits that Cyrus Pitts, as administrator, disposed of property and credits to the amount of $451.43, but denies that he paid any indebtedness; admits the appointment of petitioner as administrator, but alleges that whether petitioner has received from Cyrus Pitts any personalty or credits, or whether upon the same if any will be realized any sum, respondent neither knows nor is informed, save as in and by the petition, nor has respondent any belief, but denies that said personalty and claims alleged in the petition to be in the petitioner's petition, is all of the personalty and claims belonging to the estate of said D. Benton Pitts that will be available for the payment of debts; admits that the items of indebtedness in the schedule A attached to the petition have been allowed against the petition; that respondent is informed that the orders and judgments of the court allowing the same are not final upon this respondent, and that all of said claims except the sum of $886.93, therein mentioned as allowed to D. K. Hawks, and the sum of $35, allowed to W. C. Gibson, were illegally allowed, and that the judgments and orders of the court allowing the same, are void as against the respondent; denies that there are still existing and not allowed against the estate, debts of said D. Benton Pitts, amounting to the sum of $10,000, or to any sum, and as to whether there are due any

expenses of administration, respondent neither knows nor is informed; denies that petitioner has given a full, true or correct account of personal property belonging to the estate; denies that there is any deficiency in the personalty to pay the debts; denies that D. Benton Pitts died seized in fee simple of the lands mentioned in the petition; admits that he left as his heirs the persons named in the petition; admits that respondent is in possession of a portion of the land named in the petition, and claims title to such portion as it is so in possession of; denies that the title of the defendant is in any way subject to the rights of the petitioner, as administrator as aforesaid or otherwise.

General replication of petitioner to the above answer.

Decree of the County Court entered at November term, 1860, as follows:

" This day came the petitioner in the above entitled cause in person, and the Moline Water Power and Manufacturing Company by its attorneys, and it appearing to the court that the above named defendants, Hiram Pitts, Cyrus Pitts, Gideon Pitts, Caroline E. P. Gilbert, and Harvey George, have been personally served with process and three times solemnly called and defaulted, and the petition taken *pro confesso* as to them, and the Moline Water Power and Manufacturing Company being ready for a final hearing in the above cause, the same is called by the court for final disposition upon the petition. Exhibits, answer, replication and proofs offered to the court. And it appearing to the court that the estate of the said D. Benton Pitts is indebted to divers persons in manner and form as the same is alleged in the petitioner's petition, and that the personal estate of the said D. Benton Pitts has been exhausted, and that there is still a deficiency of personal assets of the said estate to pay the indebtedness of said estate, to the amount of about $26,000, and it further appearing to the court, that the said D. Benton Pitts was, at the time of his death, the owner of the following decribed property, to wit: (here .the land is described as in Schedule B.)

"It is therefore ordered, adjudged and decreed, that the petitioner proceed to sell at public vendue and according to law in like cases, all the right, title and interest of the said D. Benton Pitts at the time of his death, in and to the foregoing described real estate, or so much thereof as may be necessary to realize money enough for the payment of the indebtedness of said estate, the expenses of administration and the costs of said sale ; the said petitioner is further ordered to sell the said property in the order in which the same is hereinbefore described, and to report his proceedings unto this court."

After the entry of this decree, the appellant prayed an appeal to the Circuit Court.

Appellee entered a motion to dismiss the appeal, which was overruled by the Circuit Court, which court entered the following decree :

February 7th, A. D. 1861. The Circuit Court heard the cause, without a jury, and rendered a decree, by which the court "finds the said petitioner's petition and exhibits to be true. It is therefore ordered and decreed, that the decree rendered in this cause by the said County Court, from which this appeal is taken, is hereby affirmed and approved, and this cause remanded to said County Court, and the said administrator directed to proceed with the sale of the real estate in said decree mentioned, in manner and form as is directed in said decree, and the said County Court is directed to proceed in the same manner as though this appeal had not been taken."

On the same day appellant prayed an appeal to the Supreme Court.

The bill of exceptions shows that on the hearing in the Circuit Court, the appellee offered in evidence, among other proofs,

First. An inventory of the lands and personal estate of his intestate, the latter amounting to $542.10 ; also of claims belonging to same, amounting to $234.87 ; dated February 17th, 1839, and duly certified by C. Pitts, administrator, etc.

Second. Appellee offered to read, as the appraisement bill of the personal estate of his intestate, and to show the amount and value thereof, a paper upon which was, 1st, a warrant under the hand of Joseph Conet, clerk of the County Court of Rock Island county, and the seal of said court, directed to Charles M. Perry, H. F. Sickles, and B. Pitts Swann, authorizing them to appraise the goods which theretofore were of D. Benton Pitts ; 2nd, an appraiser's oath in due form, signed and sworn to.

Third. Appellee, to show that he had made a just and true account of the personal estate, offered to read his account current, in which the appellee is debited with items received, $276.54, and credited by items on hand, to the same amount; and which also shows notes to the amount of $167.75 in appellee's hands, belonging to the estate ; and also, the account current of Cyrus Pitts, as administrator, in which said Pitts is debited with amounts received, $466.54, and is credited with the same amount, for debts paid and articles on hand; both these accounts are indorsed "approved," by the county judge.

Fourth. Appellee produced a book, proven to be the record of proceedings of the County Court of Rock Island county, and offered to read therefrom a certain record as follows :

"November 26, 1859. Estate of D. Benton Pitts, deceased.

"On this day came Alfred Webster, administrator of said estate, and the following claims were presented against the said deceased, as a partner in the firm of Pitts, Gilbert & Pitts, and the same were allowed, to wit: (here follows a list of the claims.) And the following claim was allowed against said estate, being a debt against D. B. Pitts, also D. K. Hawks, one note, 4th class, $886.73."

Also, appellee offered to read from said book, a certain other record as follows:

"January 19, 1860.   Estate of D. Benton Pitts.

"This day came Alfred Webster, administrator, etc., of said estate, and the following claims were allowed against said estate, to wit: W. C. Gibson, 4th class, $35; Elias Gilbert, note against H. and D. B. Pitts, $914.32; Charles Fuller, note against Pitts, Gilbert & Pitts, $456.83; P. L. Cable, note against same, $560.06; P. L. Cable, note against same, $708.83; P. L. Cable, note against same, $719.21."

Appellant objected to the reading of these records except so far as relates to claim allowed in favor of D. K. Hawks, for $886.73, and the claim in favor of W. C. Gibson, because by the said records it appears, that the claims so allowed, were claims not against the intestate, but against the firm of Pitts, Gilbert & Pitts, and so by the record it doth appear that said claims were improperly allowed.

The court overruled this objection, and defendant excepted.

The appellee also offered in evidence divers title papers to land, records of deeds, etc., which were objected to.

And the court having heard and considered the same, entered its decree, as aforesaid.

The errors assigned upon the record are as follows:

1.   That upon the trial, the Circuit Court admitted improper testimony on the part of the appellee.

2.   That the decree of the Circuit Court was given in favor of the appellee, when it should have been given in favor of the appellant.

3.   That the Circuit Court affirmed the decree of the County Court.

4.   That the Circuit Court, in and by its decree, remanded the cause to the County Court.

5.   That the Circuit Court decreed that the lands named in the petition should be sold, without directing whether the sale should be for cash or upon a credit.

6.   That the Circuit Court found to be due the total amount of the debts and expenses of administration named in the petition, and decreed that the lands therein named should be sold for the payment thereof.

Moline Water Power and Manufacturing Co., impl., etc., *v.* Webster.

7. That the decree of the Circuit Court did not fix or determine how much or what part of the real estate named in the petition, was necessary to be sold, etc.

E. T. WELLS, for Appellant.

A. WEBSTER, *Pro se.*

CATON, C. J.   This was a proceeding by an administrator to sell real estate left by the intestate, for the payment of debts. It is not a chancery proceeding, as was insisted upon on the argument.

We have repeatedly decided that the allowance of claims against an estate by the probate court, is not conclusive against the heir in this proceeding, and that he is allowed to contest the validity of such claims.   To that rule we adhere.

We have also decided that equitable claims against an estate may be allowed by the probate court, and it would seem to follow that real estate may be sold for their payment.   Debts against the firm of which the intestate was a member, after the partnership assets have been exhausted in the payment of the firm debts, become an equitable claim against the estate, subject to the individual debts against the estate, all of which must be first paid, before any payment can be allowed upon the firm debts, and this should be provided for in the order of the probate court, in allowing the claim against the estate, or by the order of the Circuit Court ordering the sale of real estate for the payment of claims against the estate.   We wish to be distinctly understood, that no claim should be allowed against the estate for a partnership debt, till it is shown that all the partnership assets have been exhausted.   Till this is done, no equitable claim even arises against the estate.   This will be sufficient to inform the circuit by what principles, in the judgment of this court, it should be governed, as to the allowance of these parnership claims, when the cause is remanded, as it will be.

We will not say that it is indispensable that the order of the Circuit or County Court, in ordering the sale of real estate, should specify the precise amount for which the lands should be sold, or that it should specify what particular tracts should be sold, or which should be first sold, but the statute does positively require, that the order should specify whether it should be sold for cash or on a credit, or what credit.   This was not done in this case.

The order of the Circuit Court is reversed, and the cause remanded for further proceedings, consistent with the principles here laid down.          *Order reversed.*