## Melinda Johnson *et al.*, Appellants, William M. Johnson *et al.*, Appellees.

### APPEAL FROM SHELBY.

The court must have jurisdiction of both the persons of the parties, and of the subject-matter of litigation, before it can render a binding judgment or decree.

A bill may be maintained to impeach a decree obtained by fraud or which is manifestly unjust.

A void decree, for the sale of real estate, is a cloud upon the owner's title, and he may maintain a bill to have it removed.

This was an action in chancery in the Circuit Court of Shelby county.

The complainants charge in the bill, that they are the children and only heirs-at-law of Francis Johnson, deceased; that he died intestate, seized in fee of certain real estate described in said bill; that letters of administration were taken out on his estate, and afterward were, in consequence of the

death of said administrator, taken out by one John Middlesworth, as administrator *de bonis non*, who, on the 14th day of January, 1847, filed his bill on the chancery side of the Shelby Circuit Court, praying an order of sale of said lands for the payment of the debts of said estate, and making complainants parties defendant, with Sarah Johnson, and Richard Johnson, both since dead. That complainants were then infants of tender age; that a summons out of chancery was issued to the sheriff, for the appearance of defendants on the first Monday of March, 1847; that the return on said summons was in the following words: " Executed by delivering a true copy of the within to all the within defendants, except *Richard Johnson, who is deceased*; Feb'y 16th, 1847. Peter Fleming, Shr'ff." That there was no other or different notice on service of the pendency of said bill for the sale of said real estate; that afterward, at the May term, the court appointed one Chew, guardian *ad litem*, who answered said bill and admitted the allegations therein contained, and the court, without any evidence, ordered the sale of said premises, which were afterwards sold by the administrator to one John Ward for the sum of seventy-three dollars, and at the October term, the sale was confirmed by the court.

The bill refers to all the proceedings in the former case, and prays that they may be taken and made a part of this bill.

The bill then avers, that the court had no jurisdiction over the person, or the subject-matter, and that the decree is erroneous; and proceeds to assign the following errors on the original record : 1st, That the original bill does not show that the administrator *de bonis non* filed an inventory, appraisement bill, and sale bill, in the office of the probate justice; 2nd, that no notice was served on the defendants at the time of presenting said bill, thirty days before the court, and that no copy of the bill and accounts was ever served on the defendants, and no publication was ever made of the time and place of presentation of said bill; 3rd, That the order was made on the answer of the guardian *ad litem* without evidence ; 4th, that the order did not direct the sale to be made at public vendue between the hours of 10 A. M. and 5 P. M.; 5th, That

a court of chancery had no jurisdiction of the subject-matter contained in the bill.

The bill makes the administrator and John Ward and his feoffees parties defendant, and prays a reversal of said decree.

The defendants answered, admitting that Francis Johnson died intestate, but say they have no knowledge as to his title to the lands in the bill mentioned; they admit the land was claimed to have belonged to him, and that John Middlesworth was appointed administrator, and that he filed a bill in chancery for an order to sell said lands, making complainants and others defendants, and that summons was issued, and that the service was made as stated in the bill, and the appointment of a guardian *ad litem;* but deny that he admitted the allegations of the bill, and exhibits, and knew no reason why the prayer should not be granted. They admit that a decree was thereupon entered, but aver that the court first ascertained the indebtedness of said estate; they deny the want of jurisdiction, or any errors in the proceedings. They admit that John Middlesworth never filed any inventory, appraisement bill, or sale bill, but they aver that Elisha Johnson, who was first appointed administrator of said estate, did, and that accompanying said bill was a statement of the total assets of the estate; they admit that there was no notice of publication as in said bill charged, but they aver that defendants were properly in court by summons in chancery. They deny all irregularity in the proceedings, and state that the personal assets of said estate amounted to only sixty-one dollars, and the indebtedness of the estate was one hundred and sixty-five dollars, as shown by the bill. They admit that Richard and Sarah Johnson died intestate, and that complainants are their heirs. They admit the conveyance as stated in the bill.

To which answer complainants filed a general replication; and on the hearing, complainants offered the original record in evidence, which is preserved in the bill of exceptions, and from which it appears that John Middlesworth, as administrator *de bonis non* of Francis Johnson, deceased, filed his bill for the sale of said real estate, on the 14th day of January, 1847. Said bill recites his appointment as administrator *de*

*bonis non*, and that a sale bill, appraisement bill, and inventory bill, were filed by his predecessor in office, and that the personal assets of said estate had been faithfully applied to the payment of the debts, and that there is a deficit of one hundred and four dollars. The bill then avers, that Francis Johnson died intestate, leaving complainants, and Sarah and Richard Johnson, minor children and heirs of the said Francis Johnson, and that he died seized in fee simple of the land described in said bill.

The bill prayed the appointment of a guardian *ad litem*, and an order of sale.

The decree shows the appointment of Morris R. Chew, as guardian *ad litem*, who answered that he had examined the bill, and knew of no reason why the petition should not be granted. The decree recited an order for the sale of said real estate for the payment of one hundred and four dollars, and that Chew, as guardian *ad litem*, answered for Tilmon Johnson, Elisha Johnson, Sarah Johnson, Melinda Johnson, and Richard Johnson (who was then deceased). The decree does not recite that any evidence was offered in support of the allegations of the bill, but that on the coming in of the answer of the guardian *ad litem*, the order was made for said sale. The decree does not direct the sale to be made at public vendue, nor between the hours of 10 A. M. and 5 P. M.

Also, a notice of sale was offered in evidence, advertising said property for sale on the 2nd day of October, 1847; a report of the sale made by the administrator to John Ward, and a confirmation of said report.

Also, a summons and return, as stated in complainants' bill.

The bill of exceptions recites that this was all the evidence offered on either side, and that on the hearing, said bill was dismissed by the court. A motion for a rehearing, at the same time was made, for the following reasons, to wit: 1st, That the decree was contrary to evidence; 2nd, That the decree was contrary to equity; 3rd, That the decree was contrary to law. Which motion was overruled by the court; to

which ruling the complainants excepted, and appealed to this court.

The errors assigned are :

Said decree dismissing said bill was contrary to equity and justice.

Said decree was contrary to law.

Said decree was contrary to evidence.

Said decree should have been for complainants, and not for defendants.

HENRY & READ, for Appellants.

The Supreme Court, in the case of *Lloyd* v. *Malone et al.*, 23 Ill. 43, decided that an infant who was aggrieved by a decree of a court of chancery, may file an original bill for relief, for errors appearing on the face of the decree, and is not bound to proceed by way of rehearing or bill of review.

The right of complainants to file such a bill, is nowhere questioned by the defendants, either by demurrer to the bill or by the answer; and even if there were any objections to the frame of the bill, they were waived by the answer. 5 Curtis, 125; Story Eq. Pl., sec. 528; Mitf. Eq. Pl. 206.

Lord Redisdale, in his treatise, p. 206, lays down the doctrine broadly, that it is too late to object on the hearing. Note to Story Eq. Pl. 445. Thus a bill to vary a decree which was neither a bill of review, nor a bill in the nature of a bill of review, which are the only kinds of bills that can be brought to affect or alter a decree unless the decree has been obtained by fraud, has been sustained where the objection was made on the hearing.

There can, however, especially after answering, be no valid objection to treating this bill as a bill of review, if an original bill will not lie. In either, the true inquiry is, whether the decree is right or wrong on its face. *Whiting* v. *The Bank of U. S.*, 13 Pet. 6; *Perry* v. *Phillip*, 18 Ves. 178.

The facts charged, are sufficient to bring up the merits in either form. The court, on a bill of review, will treat the bill, answer and other proceedings as constituting a part of

the decree, and from which the correctness of the decree can be ascertained. Story Eq. Pl., sec. 407 ; 5 Mason, 311; 3 Paige, 368 ; 5 Gill. 258 ; 3 Clark, 516.

A bill of review may be brought for errors of law appearing on the face of the decree without the previous leave of the court. Story Eq. Pl. 405. No advantage can be taken on the hearing for want of previous leave to file a bill of review. 5 Dana, 190.

The constant defense to a bill of review for errors apparent upon the decree, has been said to be by plea of the decree, and demurrer against the opening of the enrollment. Cooper's Eq. Pl. 215 ; 2 Atk. 534.

In Ohio, however, a demurrer is the proper form of making up the issue on such a bill. 2 Ohio, 327.

This brings us to an examination of the original bill filed by the administrator, and which we may safely characterize as being totally devoid of equity.

Independent of the statute, an administrator could not resort, either at law or in equity, to the real estate as assets for the payment of debts, except in certain special cases where the heir is expressly named. Adams Eq. 572.

The remedy given by statute is a legal one ; and, in order to bind the heirs, the statute must be strictly pursued. In *Knox* v. *Jenks*, 7 Mass. 491, the court said, the right of persons thus connected with the estate, and whose interests are sought to be affected by the authority to sell, are regulated by statute, and they and any claiming under them, are not concluded by the exercise or license to sell in derogation of their rights, unless every requisite and direction of law has been faithfully complied with. 18 Ill. 60.

The proceeding upon which the order of sale was made, has scarcely one ear-mark of compliance with the statute.

No inventory, appraisement bill, or sale bill, were filed by the administrator making the application for the order of sale, in the office of the probate justice. Section 108, of the statute of wills, Rev. Stat., p. 559, provides, " No part of the real estate of any testator or intestate shall be ordered to be sold unless the executor or administrator applying for such

order, shall have made and filed an inventory, appraisement bill and sale bill in the office of the probate justice."

The answer of the defendants expressly admits that this requirement of the statute has not been complied with, but a lame effort is made to avoid the force of the objection, by saying that the former administrator filed them. This, for obvious reasons, cannot be construed to satisfy the requirements of the statute.

1. The administrator *de bonis non* was not chargeable on the inventory, appraisement bill and sale bill of his predecessor.

2. The statute requires an administrator *de bonis non* to file an inventory, etc. Neither could the heir as successfully, without the filing of them in the probate justice's office, have contested the deficit in the personal assets of the estate.

Again, there is no averment in the bill filed by the administrator, that the debts on account of which the order of sale was sought, had been allowed by the probate justice, as required by section 125, which provides, "That wherever it shall appear, that the personal estate of any person deceased is insufficient to discharge the debts, and that there is real estate belonging to such estate, the probate justice shall make out an abstract from his records of the debts and credits of the estate, which abstract shall be presented to the Circuit Court by the executor or administrator, who may then obtain an order to sell the same."

The obvious construction of this statute is, that the debts of the estate must have been allowed by the probate justice, and such allowance averred in the petition of the administrator, before an order of sale could be ordered by the court.

There is, if possible, a more fatal objection to the manner in which the defendants were attempted to be brought into court. Sec. 103, of the statute of wills, provides, "That service shall be made upon the heir or guardian by the executor or administrator, giving at least thirty days notice of the time and place of presenting such petition, by serving a written notice of the same, together with a copy of said account, on each of the heirs or their guardians." And this court decided, in the case of *Herdman et al.* v. *Short*, 18 Ill. 60,

" That without a compliance with this section of the statute, there was a want of jurisdiction, so far as the persons were concerned, and that the court had no authority to act except under and in conformity to the statute. The want of notice and copies as required by the statute rendered all of the subsequent proceedings irregular and erroneous, if not entirely void."

A summons was issued out of chancery on the 14th day of January, 1847, returnable on the first Monday of March thereafter, on which the sheriff made the following indorsement : " Executed by delivering a true copy to all the within named defendants, except Richard Johnson, who is deceased. February 16th, 1847."

This return fails to specify whether the date is designed to indicate the day it was served or returned. In this it was not sufficient. *Beach* v. *Waugh*, 24 Ill. 228 ; 1 Scam. 238.

Again, there were less than thirty days between this date and the date of the return.

Again, the bill filed by the administrator discloses the fact, that the defendants to it were all infants, and the decree fails to show that any evidence was offered in support of the allegations of the bill, and this court has repeatedly decided that the decree must show that evidence was given in support of the allegations of the bill. 11 Ill. 364 ; 12 Ill. 160, 169, 235, 260 ; 16 Ill. 113, 354 ; 17 Ill. 602 ; 18 Ill. 49. And in the case of *Chaffin* v. *The Heirs of Kimball*, 23 Ill. 38, it was held that full proof must be made against infants, and that proof preserved in the decree.

The only remaining point to which we shall direct the attention of the court, is as to the manner that this proceeding would be affected by the court holding that the order of sale was absolutely void, which was the view which seems to have been taken of the case by the court below in dismissing complainants' bill.

If the order of sale is void, still it is a cloud upon complainants' titles, and they are entitled to have it removed.

In the case of *Petit* v. *Shepherd*, 5 Paige, 501, the court say that the jurisdiction of this court to set aside deeds and

other instruments, which are a cloud upon the titles to real estate, and to order them to be delivered up and cancelled, appears to be fully sustained.   See, also, 2 Story's Eq. Juris., sec. 700.

THORNTON, for Appellees.

WALKER, J.   The bill in this case was exhibited to impeach a former decree.   It alleges, that when the former decree was announced, the court had no jurisdiction of the persons of the defendants to that suit, nor of the subject-matter, and the decree was rendered without evidence for its support.   There was service of summons in chancery, but no publication or copy of the petition and account as required by the statute regulating such proceedings.   The proceeding seems to have been regarded as a suit in chancery, and not under the statute.

It is urged, that the law does not authorize the administrator to proceed to subject the real estate to sale, for the payment of the debts of the deceased by bill, and that the whole proceeding is void.   In the case of *Herdman* v. *Short*, 18 Ill. 59, this proceeding was held to be statutory, and unless the notice required by the statute is given, in the mode prescribed by the 103rd section of the statute of wills, there was a want of jurisdiction of the persons of the defendants.   It was also held in that case, that the service of a summons on an adult defendant to such a proceeding, conferred no jurisdiction of the person.   There is no pretense, that in the case for the sale of real estate, there was any other than service by summons, and we have seen that did not confer jurisdiction of the persons of the defendants.   It is a rule too familiar to require discussion, or to cite authorities in its support, that in all judgments and decrees, to be binding, the court rendering them must have jurisdiction of both the persons of the parties, and of the subject-matter of litigation.   The decree ordering the sale of the decedent's property was void, for the want of the jurisdiction of the heirs.

That decree being void, it is unnecessary to discuss other questions of mere errors appearing in that decree.   Whether there were other errors in that proceeding, is a matter of no

consequence, as the whole proceeding is void if the bill is true, and the record of the former proceeding seems to sustain its allegations.

Then did the court err in dismissing the bill, because the decree sought to be impeached was void? A bill may be maintained to impeach a decree, obtained by fraud, or which is manifestly unjust. *Lloyd* v. *Malone*, 23 Ill. 43. That a void decree is a cloud upon the title to this real estate, is unquestionably true, and that it is calculated to operate unjustly against the owners, is equally true. As a cloud on the title, it operates as an injury to the owner, and as such he has a right to have it removed. As long as it remains unimpeached, it may be used for fraudulent or other improper purposes. The court below should have retained the bill so as to have reversed the former decree, and thus have removed it from the records.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*