## SARAH JANE CLARK

### *v.*

## MILES THOMPSON.

| 47 | 25 |
|---|---|
| 30a | 162 |

| 47 | 25 |
|---|---|
| 142 | 395 |

| 47 | 25 |
|---|---|
| 158 | 499 |

| 47 | 25 |
|---|---|
| 174 | 641 |

| 47 | 25 |
|---|---|
| 184 | 382 |

| 47 | 25 |
|---|---|
| e201 | 4544 |

| 47 | 25 |
|---|---|
| 110a | 3380 |

| 47 | 25 |
|---|---|
| 209 | 1105 |

1.    JURISDICTION—*in proceedings to sell real estate of a decedent.—how acquired over the minor heirs.*    In a proceeding by an administrator, to sell the real estate of his intestate, unless the mode pointed out by statute, whereby the court can acquire jurisdiction over the persons of the minor heirs, is pursued, the court acquires no jurisdiction of the persons of such heirs, and as against them, the proceedings are void.

2.    GUARDIAN AND WARD—*guardian cannot admit service of summons for his ward.* And, in such case, a guardian cannot admit service of the summons for the minor heirs.

3.    JURISDICTION—*presumption of, in favor of courts of general jurisdiction—may be rebutted in collateral proceedings.*    The presumption that jurisdiction of the person was acquired, in a cause adjudicated by a court of general jurisdiction, is liable in all collateral proceedings to be rebutted.

4.    SAME—*when presumption of, rebutted.*    When the record shows service which is insufficient, and there is no finding of the court from which it may be inferred that there was other service, or appearance, then the presumption that the court had jurisdiction of the person, is rebutted, and it must be held that the court acted upon the insufficient service.

5.    JURISDICTION—*cannot be conferred by the answer of a guardian ad litem, where there has been no service upon the heirs.*    In a proceeding to sell the real estate of a decedent by his administrator, where the court did not acquire jurisdiction of the persons of the heirs, in the mode pointed out by the statute, such jurisdiction cannot be conferred by the appointment of a guardian *ad litem*, and his answer for the heirs—as to them, a decree in such case, is a nullity.

6.    CURTESY—*character of the estate.*    Prior to the act of 1861, known as the married woman's act, an estate by the curtesy, conferred a present existing right, giving to the owner the authority to use and enjoy it, until it became extinct.

4—47TH ILL.

7. PLEADING AT LAW—*rules applicable to actions in ejectment.* In an action of ejectment, the recovery must be according to the claim made in the declaration. The plaintiff cannot recover a different estate from that he claims; and when he counts for the whole, he cannot recover an undivided interest.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. THOMAS G. ALLEN, for the appellant.

Mr. W. H. BARNUM, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by Sarah Jane Clark, against Miles Thompson, in the Randolph Circuit Court. On the trial in the court below, the jury found a verdict in favor of defendant, upon which a judgment was rendered in his favor. To reverse that judgment, an appeal is prosecuted to this court, and various errors have been assigned on the record.

It is first insisted, that the circuit court rendering the order licensing the administrator to sell the land in controversy, to pay the debts of Cuthbert S. Crane, deceased, did not have jurisdiction of the persons of the heirs. It appears that a summons issued on the 23d day of April, 1849, to the widow and heirs, requiring them to appear on the fourth Monday of the same month, to answer the petition; on the same day McConnell and wife acknowledged service, and he also acknowledged service for the minor heirs of Crane, as their guardian. The record discloses no other notice or service, nor does the decree find that a different service was had. A guardian *ad litem* was appointed, and answered on the next day after the summons was issued, stating that he knows of no reason why

enough of the land should not be sold to pay the debts. The decree finds, that as the defendants urge nothing against the sale, and as the guardian *ad litem* admitted debts existed, the lands should be sold for their payment.

The statute has provided but two modes by which the court can acquire jurisdiction of the persons of heirs in this proceeding. One is by the publication of a notice for the prescribed period, and the other, by serving a notice with a copy of the petition and account of administration, upon the heirs thirty days before filing the petition. In this case, neither of these modes appears to have been adopted. In *Herdman* v. *Short*, 18 Ill. 59, and *Johnson* v. *Johnson*, 30 Ill., 215, it was held that a summons with service was insufficient to confer jurisdiction in this proceeding. In this case, as to the minors, there is no pretense of service, nor had the guardian power to admit service for them.

It is, however, insisted that when a court of general jurisdiction has proceeded to adjudicate a cause, we must presume that the court had evidence that there was such service or appearance as confers jurisdiction of the person; that the question of jurisdiction is primary, and must first be determined. This is, no doubt, true in all collateral proceedings, but is liable to be rebutted. If the record shows service which is insufficient, and the record fails to show that the court found that it had jurisdiction, then the presumption is rebutted, and it must be held that the court acted upon the insufficient service. When a summons and return appear in the record, and there is no finding of the court from which it may be inferred that there was other service, or appearance, it will be presumed that the court acted upon the service which appears in the record. In this case, the summons and acknowledgment of service were not sufficient to confer jurisdiction over the minor defendants, and unless jurisdiction was otherwise obtained, the decree, as to them, was a nullity, and may be attacked in a collateral proceeding.

It is insisted, that by the appointment of a guardian *ad litem* and his answer, the minors were before the court, and there was no want of jurisdiction. It is urged that, inasmuch as the 47th section of the chapter entitled chancery, provides that the court may appoint a guardian *ad litem* for minor defendants, whether they have been served or not, the appointment of a guardian *ad litem* in this case gave the court jurisdiction, although the minors were not brought into court in the usual mode. Whatever might be the effect of such an appointment in a chancery proceeding, we need not now inquire, as this proceeding is not strictly of that character. *Moline Water Power, etc., Company* v. *Webster*, 26 Ill., 233. This is a statutory proceeding, and must be governed by the act, and not the rules of chancery practice.

Section 107, of the the statute of wills, only requires the appointment of a guardian *ad litem*, when any defendant to a petition is a minor. It refers to all cases, and evidently proceeds upon the presumption that, in all cases, there will be service or publication, as required by the one hundred and third section. The want of service was not cured by the answer of the guardian *ad litem*, and the minor heirs were not bound by the decree.

It, however, appears that the land in controversy, descended to three children of Crane, on his death. Two of these afterwards died intestate, leaving appellant and their mother, their heirs. The mother subsequently intermarried with Moses McConnell, and they had children born of the marriage, who are still living. They afterward conveyed the premises to Abram Clare, under whom appellee claims possession. By the inheritance of Mrs. McConnell, from her two deceased children, of an undivided interest in the premises, her husband became entitled to curtesy in her fee in the property, after the birth of their children. And when McConnell and wife sold to Clare, his curtesy in his wife's undivided interest in the property, passed to Clare, and there is nothing

to show that he had parted with that interest, or that it has been acquired by appellant. He was, therefore, entitled to hold possession to the extent of the curtesy purchased of McConnell, if he held no other interest. An estate by the curtesy was, prior to the act of 1861, known as the married woman's law, conferred a present existing right, giving the owner the unquestioned authority to use and enjoy it until it became extinct.

The agreed facts in the case state that Mrs. McConnell had quitclaimed her interest in the premises, to appellee, before this suit was brought. It does not appear whether she did so before or after she joined with her husband in the conveyance to Clare, or whether her husband united with her in the conveyance to the appellant. If, after the sale to Clare, or even before that time, her husband did not join in the deed, appellant took no title by the conveyance, as she was not able to convey alone during coverture. In either event, Clare acquired the interest of McConnell, held by the curtesy. If, however, McConnell joined his wife in the conveyance to appellant before he sold to Clare, and the latter had notice of the former sale, then Clare acquired no interest in the premises. But the record fails to present the date of this conveyance, and we cannot presume, in the absence of evidence, that McConnell joined with his wife in the quit-claim deed, and we must, therefore, hold that appellee was entitled to hold possession, to the extent of his landlord's title by the curtesy.

In this case, the declaration proceeds for the recovery of the whole interest in the premises. And it has been repeatedly held, that the recovery in ejectment must be according to the claim in the declaration; that when a plaintiff counts for the whole, he cannot recover an undivided interest, and if he proceeds for the recovery of one estate, he cannot recover a different estate. *Ballance* v. *Rankin*, 12 Ill., 420 ; *Rupert* v. *Mark*, 15 Ill., 541 ; *Murphy* v. *Orr*, 32 Ill., 489 ; *Lyon* v. *Kain*,

36 Ill., 370. It does not appear that appellee is entitled to recover the ·entire premises, and, inasmuch as there was no count in this declaration for the undivided interest which appellant may be entitled to recover, under a properly drawn declaration, he would not have been entitled to recover that interest. The judgment of the court below must be affirmed.

*Judgment affirmed.*