## KERSEY H. FELL

v.

## EDWARD R. YOUNG.

1. ADMINISTRATOR'S SALE—*authority must appear.* A sale by an administrator, being a fiduciary act based upon statute, must show, affirmatively, a strict compliance with the law.

2. JURISDICTION—*evidence.* Before a court can make a decree of sale it must obtain jurisdiction of the parties to be affected, by the production of proof of the service and publication of process required by law; nothing not shown to be done will be presumed.

3. ACKNOWLEDGMENT—*when not properly certified.* The omission of the statement in the officer's certificate that the grantor was personally known, etc., which was required by law, 1833, is not cured by lapse of time when relating to trusts.

4. ANCIENT DEED—A conveyance, though over thirty years old, cannot be admitted as an ancient deed when purporting to be executed by one acting in a fiduciary character, in the absence of proof of his authority to make the deed.

5. It is well settled that if a deed purports to have been executed under a power, and is sought to be used in evidence, the power must be shown.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge presiding.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the McLean county circuit court, brought by Edward R. Young against Kersey H. Fell, for portions of section twenty-eight and section thirty-three, containing in all less than one acre of land.

There was a verdict and judgment for the plaintiff, to reverse which the defendant appeals.

It is admitted plaintiff proved title to the portion of section twenty-eight.

In his deraignment of title to the portion of section 33 sued for, plaintiff offered in evidence a deed of conveyance bearing date July 30, 1835, purporting to have been executed by William Dunley as administrator of James McGoosh, deceased, which included the premises in question in that section. McGoosh was the patentee from the United States.

The defendant objected to the introduction of this deed on the ground, first, that no authority in the administrator to execute it was shown; second, because it was not properly acknowledged, and third, because it did not conform to the statute.

These objections were overruled and exceptions taken, whereupon the plaintiff offered in evidence a decree of the McLean circuit court, purporting to have been entered at the April term, 1835, of that court, on the petition of William Dunley, administrator of James McGoosh, deceased, to sell the land of his intestate to pay his debts.

The defendant objected to the introduction of this evidence, and the court sustained the objection.

The case was put to the jury upon the naked deed of the administrator, which does not show on its face any authority to the administrator to execute it.

The deed recites the order of the court directing a sale of decedent's land, in which there is no recital, and it does not appear that the notice required by law, or any notice whatever, was given by the administrator of the time and place of presenting the petition, or that the parties interested in the land had any notice of the proceeding to divest them of their title. Every person dying is presumed to leave heirs capable of inheriting, (*Harvey* v. *Thornton,* 14 Ill. 217), and before a decree can pass against them to divest them of their title to the decedent's property, the notice required by law must be given them. In the absence of notice, the court will have no jurisdiction of their persons.

The law in force at the time this petition was filed, required the administrator, who desired an order to sell the land of his intestate to pay debts, to give at least thirty days' notice of the time and place of presenting such petition, by serving a written notice of the same, together with a copy of the account and petition on each of the heirs or their guardians, or devisees of the testator or intestate, *or* by publishing a notice in the nearest newspaper, for three weeks successively, commencing at least six weeks before presenting the petition, of the intention of presenting it. Rev. Laws 1833 p. 644.

This court has so often ruled in cases like this, that it is necessary only to refer to some of the cases. In *Herdman* v. *Short*, 18 Ill. 59, it was held, in a proceeding by an administrator to sell the real estate of his intestate, unless the mode pointed out by the statute for bringing the parties interested before the court is pursued, there will be such a want of jurisdiction as will vitiate the order of sale. To the same effect are *Gibson* v. *Roll*, 27 Ill. 88, *Clark* v. *Thompson*, 47 Ill. 25, *Botsford* v. *O'Connor*, 57 Ill. 72, and *Donlin* v. *Hettinger et al.*, id. 348.

No authority having been shown authorizing the administrator of McGoosh to sell this land, the deed is invalid and could not be used as a muniment of title.

But it is said by appellee there was a decree and order of sale offered in evidence which was improperly excluded by the court; that the presumption of law is in favor of the jurisdiction of a court of general jurisdiction, such as is the circuit court, over the person; that the order of sale was embraced in the administrator's deed; that it was properly acknowledged, and if not, was properly admitted as an ancient deed.

Whether the decree and order of sale were improperly excluded or not, is not now a question before us, appellee not having assigned any cross-errors. The question of presumptions in favor of the jurisdiction of a court of general jurisdiction has been thoroughly and frequently examined and discussed

in the cases above cited.   The doctrine of *Grignori's lessee* v.
*Astor*, 2 How. 340, has never been the doctrine of this court,
but often repudiated.   It is made law in Michigan, where the
case arose, but is not law in this State, it being contrary to
the uniform rulings of this court.

That the deed was not properly acknowledged, there can be
no question.   At the time of its execution and acknowledg-
ment, 1835, the act then in force required the officer taking
the acknowledgment to state, in his certificate thereof, that
the grantor was personally known to him to be the person
whose name is subscribed to the deed as having executed the
same.   Rev. Laws 1833, p. 132.   This requirement is not
found in the certificate of acknowledgment, but is wholly
omitted.

The case of *Ayers* v. *McConnell et al.* 2 Scam. 307, was an
acknowledgment under the act of 1819 which did not con-
tain the above requirement of the act of 1833.

But, it is urged, if the acknowledgment was not in con-
formity to the statute, the deed was properly admitted as an
ancient deed.   So far as the fact of the execution of the deed
is involved, this point is well taken, and was it a deed from a
party in his own right to another party, it would prevail
where possession had gone with the deed.   Sharswood, Starkie,
476, note.   But this is the deed of one acting in a fiduciary
character, and from his position, having no power in and of
himself to sell and convey the land of his intestate.   That
this is an ancient deed, being more than thirty years old, can
not be denied, but we do not understand the doctrine of the
admissibility of such a deed in evidence, without some proof
of its connection or of its acknowledgment in the mode re-
quired by law, to go so far as to dispense with proof of the
authority of the party to make the deed.   *Prima facie* this
administrator had no power to make this deed, and until such
authority is shown, and by competent proof, the deed can
convey nothing, and is not admissible in evidence as a muni-
ment of title though it is thirty years old.

The doctrine that no proof of the execution of a deed thirty years old is required, springs from the fact that originally, by the common law and by the statutes of most of the States, one or more witnesses were required to attest its execution, by whom its execution should be proved. After the lapse of thirty years the presumption obtains that the attesting witnesses are all dead. But no presumption arises from lapse of time that the party executing the deed had the power to convey the land.

All that is shown in the case is the deed of an administrator purporting to convey the land of his intestate, reciting therein an order of court which does not show that the court had jurisdiction to grant the order, nor is any order of the court shown.

It is well settled if a deed purports to have been executed under a power, and is sought to be used in evidence, the power must be shown. 2 Ph. on Ev. note, 429, p. 396.

So as to deeds executed by executors or administrators under an order or decree of court. And this power, as this court has said, in the cases above cited, must appear on the face of the decree. Its jurisdiction to grant the order or decree must be shown on the face of the proceedings.

This is the only point we have deemed it necessary now to consider, and we are of opinion, as no decree of a court having jurisdiction to grant the order of sale has been shown, the deed of the administrator should not have been admitted in evidence.

For the reasons given, the judgment of the circuit court is reversed and the cause remanded.

*Judgment reversed.*