D. K. FELIX, Plaintiff in Error, *vs.* WILLIAM CALDWELL, Defendant in Error.

*Opinion filed June 18, 1908.*

EVIDENCE—*when records are destroyed by fire their contents may be proven by best evidence obtainable.* Where the records of a proceeding by an administrator for an order to sell land to pay debts have been destroyed by fire, the fact that such a proceeding was had and that the court had jurisdiction to, and did, enter a decree directing such sale to be made, may be proven by the best evidence obtainable, and if there is no written-evidence in existence parol proof may be resorted to.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. JACOB R. CREIGHTON, Judge, presiding.

JOHN R. HOLT, and BONHAM & McLIN, for plaintiff in error.

CREIGHTON & THOMAS, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action of ejectment brought in the circuit court of Wayne county by plaintiff in error, D. K. Felix, against defendant in error, William Caldwell, to recover possession of a strip of land fifteen and one-half feet wide off of the west side of the south-west quarter of the south-east quarter of section 27, town 2, south, range 8, east of the third principal meridian. Defendant in error pleaded the general issue, disclaimer of title, and that defendant is not now, and never has been, in possession of said lands, and issue was joined on each plea. The cause was tried by a jury and a verdict finding the defendant not guilty was returned. A motion for a new trial was made and overruled and judgment rendered on the verdict and against plaintiff for costs. Plaintiff in error brings the case to this court by writ of error to review said judgment.

The controversy involves the boundary line between two forty-acre tracts, owned, respectively, by plaintiff in error and defendant in error. The claim of plaintiff in error is that defendant in error has within his enclosure the narrow strip of land mentioned, which plaintiff in error claims to own in fee, while defendant in error contends that his fence is on the line and that all the land in his enclosure belongs to him.

Plaintiff in error offered evidence to prove title in William F. Felix, the death of William F. Felix, and a conveyance to the plaintiff in error, from the administrator of William F. Felix, of the forty-acre tract described in the declaration and of which tract he claims the strip in controversy to be a part. The deed did not set out the decree

of the probate court in full, but recited that said court, at
the June term, 1882, in a proceeding in which John I. Felix,
administrator of William F. Felix, deceased, was plaintiff
and the widow and children (naming them) of the said
William F. Felix were defendant, duly entered an order
and decree authorizing and empowering John I. Felix, as
such administrator, to sell the real estate of the deceased
for the payment of his debts. The deed further recited
that the administrator gave notice of the sale, together with
the description of the land to be sold, by posting notices
at four of the most public places in the county where the
real estate was to be sold, and also by publishing, for four
successive weeks, notice of such sale in a newspaper pub-
lished in said county, in accordance with the order of the
court and of the statute in such cases made and provided;
that the administrator did, on the 17th day of August,
1882, pursuant to the order and decree of the probate court
and of the notices given of the said sale, sell said tract of
land to plaintiff in error. The deed further recited that
the administrator had filed a complete report of his pro-
ceedings under the decree and order of sale in the county
court, and that the same was on the 30th day of August,
1882, approved by said court, and the administrator was
ordered and directed to convey said real estate to plaintiff
in error upon his complying with the terms of the sale,
which the deed recites he had done. The deed was ac-
knowledged by the administrator on August 30, 1882, and
filed for record and recorded March 15, 1883. Defendant
in error objected to the introduction in evidence of this deed
on the ground that it did not recite sufficient facts to show
that the court had jurisdiction of the heirs of William F.
Felix, and no evidence had been offered that there ever was
any decree of the probate court of Wayne county authoriz-
ing and ordering the sale of the land. Plaintiff in error
then proved that all the records of the county court of
Wayne county were destroyed by fire November 8, 1886;

235 — 11

that William F. Felix died in 1880, leaving as his widow and children and only heirs-at-law the parties mentioned in the recitals in the deed as defendants to the proceeding in the probate court for the sale of real estate to pay debts. Plaintiff in error was a brother of William F. Felix, and his counsel then offered to prove by him the facts as to the decree of the probate court for the sale of the real estate and of the proceedings and steps taken by which it was obtained. Defendant in error objected to this proof and the court refused to permit it to be made. The court then sustained the objections of defendant in error to the introduction of the deed and refused to permit it to be introduced in evidence. The ruling of the court in excluding the deed from the administrator of William F. Felix to plaintiff in error is the sole question discussed in the original brief and argument of plaintiff in error.

While defendant in error has in his brief and argument to some extent discussed the merits of the case, it is unnecessary for us to go into that question as it is not raised by plaintiff in error.

Defendant in error relies largely upon *Fell* v. *Young,* 63 Ill. 106, to support the ruling of the court. In that case this court held that an administrator's deed containing no recital showing notice to the parties interested of the time and place of presenting the petition for an order for the sale of real estate was not admissible in evidence as proof of title. No other proof was offered except "the naked deed of the administrator," and the court held it did not, on its face, show any authority in the administrator to execute it. It does not appear that any reason existed why the decree of the probate court and the files in the proceeding there could not have been produced. The statute in force at the time the deed in that case was made required a conveyance by an administrator under a decree for the sale of real estate to pay debts to set forth such order or decree at large. It is stated in the opinion of the court in

the *Fell case* that the decree recited the order of the court directing the sale, but the order recited did not show the court had jurisdiction of the parties. In 1872, which was after the decision in *Fell* v. *Young,* the present act concerning conveyances was adopted by the legislature. Section 12 of that act reads as follows: "In deeds made by masters in chancery, sheriffs, guardians, administrators, executors, trustees, commissioners, or other persons, under and by virtue of any judgment, order, proceeding or decree of any court, it shall be unnecessary to copy any such judgment, order, proceeding or decree in such deed; but it shall be sufficient to refer to the same by the title of the cause, the name of the court, the date or term of court at which such proceedings were had, or the judgment, order or decree obtained." (Hurd's Stat. 1905; p. 465.) All the requirements of this statute were complied with in the recitals contained in the deed offered in evidence. The proof shows that the files and the decree rendered were destroyed by fire in 1886, so that their production was an impossibility. In our opinion, even if it be held that an administrator's deed containing all the requirements of the statute now in force should be held to be inadmissible standing alone, where the proceedings and records thereof upon which the deed is based have been destroyed by fire, as was the case here, the fact that such proceedings were had, and that the court had jurisdiction to, and did, enter the decree, may be proven by the next best evidence obtainable. In this case it appears that there was in existence no other writing or memorandum of the records and proceeding in the county court than the recitals contained in the deed, and in such case parol proof may be resorted to. *Forsyth* v. *Vehmeyer,* 176 Ill. 359.

We think the court erred in refusing to permit the evidence offered, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*