GERSHAM MONAHON, ISABELLA MONAHON, his Wife, and DEWITT C. ROBERTSON, Heirs at Law of Simon Robertson, deceased, Plaintiffs in Error, *v.* JOHN VANDYKE, Administrator of Simon Robertson, deceased, Defendant in Error.

ERROR TO COLES.

Proceedings for the sale of land by an administrator will be reversed, if the record does not show any petition by the administrator.

Monahon *et al. v.* Vandyke, Adm'r, etc.

It is error for the Circuit Court to order a sale of land by an administrator, when the notice has been published but thirty days, while the statute requires a publication for six weeks, before the presentation of the petition.

THIS was an application by an administrator to sell real estate to pay debts. There does not appear, from the record, to have been any petition filed in the case. The first entry upon the record was made at the October term, A. D. 1843, of the Coles Circuit Court, on the 23rd day of October, and is as follows :

JOHN VANDYKE, Adm'r of Simon Robertson, dec'd.  }   In Chancery.
          Petition to sell real estate.        }

This day came the petitioner, by J. W. Ross, his solicitor, and on his motion, it is ordered that Albert Compton be appointed guardian *ad litem* for the infant heirs in said complainant's bill mentioned, who came into the court and waived the service of process and filed his answer herein, and it appearing to the satisfaction of the court that due notice of the pendency of this suit has been given by publication in the Charleston Courier ; and it also appearing that the personal estate is insufficient to pay the debts of the decedent ; it is therefore ordered, adjudged and decreed by the court here, that the administrator be authorized and required to sell (here follows a description of the property), or so much thereof as will be sufficient to pay the balance of the said claims against said estate, and that he make the report thereof to the next term of this said court, to which this cause is continued.

The following answer of the guardian *ad litem* appears upon file :

"Answer of George W. Robertson, DeWitt C. Robertson, Izabel H. Robertson, William Robertson and Abigail Robertson, by Albert Compton, the guardian *ad litem.*

"And the said infants, by their guardian *ad litem,* Albert Compton, came, and for answer in respect of a certain petition presented by John Vandyke, administrator of Simon Robertson, deceased, to the Coles Circuit Court, for the sale of the real estate of said intestate in Cumberland county and State of Illinois, say that they are ignorant of the premises in that behalf, and pray the court to protect their rights." (Signed by the infant heirs, by their guardian *ad litem.*)

The following notice appears on file :

"Notice is hereby given, that a petition will be presented to the Judge of the Coles Circuit, to be holden in the town of Charleston, Coles county, State of Illinois, on the 4th Monday in the month of October, A. D. 1843, for a decree to sell the following land belonging to the estate of Simon Robertson, deceased, lying in the county of Cumberland and State

of Illinois, to wit : (here follows a description of the property), for the purpose of paying the debts of said estate, the personal estate being insufficient to pay the same ; at which time and place, all persons feeling themselves interested are requested to attend and show cause, if any they have, why the prayer of said petition shall not ·be granted.　September 23rd, 1843.

JOHN VANDYKE, Adm'r.

Certified to by W. W. Bishop, publisher.

The cause was continued from term to term, until the October term, A. D. 1844, when the following entry was made :

JOHN VANDYKE, Adm'r, etc.,　　⎫
　　　　　*vs.*　　　　　　　　⎬　Petition to sell land.
THE HEIRS OF SIMON ROBERTSON, deceased. ⎭

This day came the petitioner, by J. W. Ross, his solicitor, and filed his report herein, which is approved, ordered to be filed, and continued until the next term of this court for further report.

At the subsequent term of the said court the said cause was continued until the next term of the court, and thence from term to term, until the May term, A. D. 1847, when it was continued until the next term, but it does not appear since that time to have been upon the docket.

The following is the report of sale on file :

" To the Honorable Circuit Court, within and for the county of Coles and State of Illinois, in chancery sitting :　The undersigned would report to this court, that in pursuance of, and in obedience to a decree entered at the October term, 1843, of this court, decreeing and ordering the undersigned, as administrator of the estate of Simon Robertson, deceased, to sell and convey at public sale, to the highest and best bidder, according to law, the real estate following, to wit : (here follows a description of the land sold), with other lands therein described, he did, under the authority of the aforesaid decree, on the 6th day of January, A. D. 1844, in the town of Greenup, having given previous lawful notice, between the hours of 10 o'clock a. m., and 5 o'clock p. m., sell at public vendue the west half of south-east quarter of Section 1, Town 9 north, Range 9 east, to Jeremiah Armstrong, who bid therefor the sum of one hundred dollars, he being the highest and best bidder ; also the west half of north-east quarter of Section 1, Town 9 north, Range 9 east, to said Armstrong, who bid therefor one hundred and seventy-six dollars and seventy-five cents, he being the highest and best bidder for the same ; also, the south-east of south-east quarter of Section 22, Town 9 north, Range 9 east, to William E. Smith, who bid for the same fifty dollars,

he being the highest and best bidder.    The undersigned would further report, that on the 18th day of May, 1844, having given previous lawful notice, authorized as aforesaid, he sold at public sale in the town of Greenup, the said lots Nos. 44 and 45, in the town of Greenup, to James Ewart, who bid for the same one hundred and twenty-six dollars, that being the highest and best bid ; also, the said lot No. 46, for seventeen dollars and fifty cents, to J. H. Williams, he being the highest and best bidder for the same ; also, the south-west quarter of the north-east quarter of Section 24, Town 9 north, Range 9 east, to William Wade, who bid for the same sixty dollars, that being the highest and best bid.    That the above sales were made on a credit of nine months, and that deeds have been executed and delivered to each of the respective purchasers for the land by him purchased, pursuant to the authority of the aforesaid decree ordering the sale of the same.

JOHN VANDYKE, Adm'r of Simon Robertson.

The following are the errors assigned :

1.    The court erred in rendering a decree ordering the sale of lands, in this: because there was no petition filed ; because there was no proof showing an indebtedness, or the nature or the amount thereof ; and because there was no sufficient notice to the parties interested, of the application for such decree.

2.    The court erred in approving the sale of lands, in this : because the administrator did not give the notice required by law ; because the administrator sold the land at a place not authorized by the decree, or the law of the land ; because the administrator sold the land at a ruinous sacrifice ; because the administrator sold more land than was necessary to supply the deficiency of the personal estate ; and because the administrator sold the land upon a credit, not authorized by law, or the decree of the court.

3.    The decree was not authorized by the pleadings and proofs in the case.

4.    The decree of the court authorizing the sale of the land and approving the administrator's report of sale, was fraudulent, and contrary to law and equity.

5.    The decree of the court is too vague, indefinite and uncertain, to authorize the proceedings thereon by the administrator.

C. H. Constable, and John Scholfield, for Plaintiffs in Error.

O. B. Ficklin, for Defendants in Error.

CATON, C. J. There are several errors, for which this order must be reversed. In the first place, we find no evidence in the record that any petition was ever filed. This is made necessary by the statute, and without it the court could not legally make any order in such a case.

Also, the notice was insufficient. The first insertion was but thirty days before the order was made, while the statute requires six weeks, before the presentation of the petition.

We might enumerate other irregularities, but it is quite unnecessary. The order is reversed, and the cause remanded.

*Judgment reversed.*