SAMUEL GIBSON, Plaintiff in Error, *v.* JOHN E. ROLL, Defendant in Error.

### ERROR TO SANGAMON.

Notice by an administrator, of an application to sell lands, must be published for six full weeks before the day therein specified, as the time when his petition will be presented.

If this is not done, parties are not bound to take notice of such application. And although the petition was not in fact presented until a later day than the one fixed by the notice, nor till after the six weeks, required by the statute, had expired, yet that fact does not cure the defect.

Parties interested, are bound, after proper notice, to appear and contest the application on the day specified, but if the petition is not then presented, they are not required to wait from day to day to see whether any move will be made in the case.

After the presentation of the petition the court may fix a subsequent day for the hearing of proofs, or other action in the case.

THIS case was decided by this Court at the January term, 1862, and is again brought before it on an application for a re-hearing. The facts are as follows:

Plaintiff filed his declaration in ejectment, against Henry R. Richardson for the recovery of the undivided half of the east twenty feet of lot No. 7, in block No. 10, city of Springfield.

Defendant pleads the general issue, and Roll substituted, and possession of premises by him admitted. It is also admitted that Benjamin F. Jewett died intestate, on or about the 20th day of December, 1848, seized in fee simple of the premises, and that defendant has chain of title, perfect and complete, from the heirs of said Jewett, to the premises.

Plaintiff offered in evidence a transcript of the record of the County Court of Tazewell county, of the proceedings of said court, in the matter of William S. Maus, administrator of Benjamin F. Jewett, dating from 9th day of September, 1856, and setting forth the petition of said administrator for sale of real estate of said Jewett, including the premises, the order of sale, and report of sale of premises to John D. Bail, and approval of sale by the court.

Plaintiff also offered in evidence a deed from said administrator to John D. Bail, conveying premises; also a deed from said Bail to Ninian E. Primm, and plaintiff, for said premises. Defendant objecting to said evidence, his objections were sustained, and plaintiff excepted.

The defendant offered in evidence a transcript of the record of the proceedings of the County Court of Tazewell county in the matter of William S. Maus, administrator of Benjamin F. Jewett, showing a notice in words and figures following :

"ADMINISTRATOR'S NOTICE.—Notice is hereby given that I will make application to the County Court of Tazewell county, on the third day of September, for a decree to sell all or so much of the real estate of Benjamin F. Jewett, deceased, late of Tazewell county, as will be sufficient to pay the debts of said estate. All persons interested are requested to appear and show cause, if any they have, why such decree should not be granted.

WILLIAM S. MAUS,

"PEKIN, July 24, 1856.        Adm'r of Benj. F. Jewett, dec'd."

Accompanied by the following certificate :

"We, Young & Underwood, printers and publishers of the 'Weekly Plaindealer,' do hereby certify that the annexed advertisement was published in the 'Weekly Plaindealer' for six weeks successively—the first publication being on the 24th day of July, 1856, and the last publication on the fourth day of September A. D. 1856.

YOUNG & UNDERWOOD,

Publishers and Printers."

It is admitted that said notice was the only one given and published previous to said sale, under the order of sale in the record offered as evidence by plaintiff. The plaintiff objected to said notice as evidence. The court overruled said objections, and plaintiff excepted.

Verdict and judgment for defendant.

The errors assigned are : In not admitting plaintiff's evidence ; in admitting defendant's evidence ; in giving judgment for defendant.

E. B. HERNDON, for Plaintiff in Error.

To pay debts of an estate, County Courts have jurisdiction over the real estate of deceased persons, and to order a sale of

the same. Laws, Scates' Compilation, p. 1209, sec. 103; p. 309, sec. 13.

The purchaser at such sale looks alone to his deed for proof of the validity of sale. Laws, Scates' Comp., p. 1210, sec. 5.

It appearing affirmatively in the order of sale, carried into the administrator's deed, that due notice had been given of the application for the sale, it is conclusive of the fact of such notice. *Propst* v. *Meadows*, 13 Ill. 169; *Grignon's Lessee* v. *Astor*, 2 Howard U. S. 319; *Hardy et ux.* v. *Gholson*, 30 Miss. 73; *Frisby* v. *Harrison*, 30 Miss. 452; *Williams* v. *Sharp*, 2 Ind. 101; 8 Ohio, 604; *Carne* v. *Bingham*, 39 Maine, 35; *Salterstal and Wife* v. *Riley & Dawson*, 28 Alabama, 182; *Fields' Heirs* v. *Goldsby*, 28 Alabama, 225; *King* v. *Kent's Heirs*, 29 Alabama, 549.

Annie E. Thompson, one of the heirs of Jewett, appeared by guardian, duly appointed by the County Court, thereby waiving all want or defect of notice of application to sell. Then, if there was no notice at all of application for sale, the order of sale would be simply irregular and erroneous, not void. Laws, Scates' Compilation, 1210, sec. 107.

The administrator's notice of application to sell, complies with the requisites of the law. Laws, Scates' Comp. 1209, sec. 103.

W. H. HERNDON, for Defendant in Error.

The plaintiff in error claims the premises in dispute by virtue of a decree of the County Court of Tazewell county, rendered at its September term, 1856. The plaintiff introduced as evidence a copy of the petition, notice, deed, etc. The notice was published for three successive weeks, but not for six weeks before presenting the petition, as the statutes required. Rev. Stat., page 558, secs. 103, 104. See copy of notice, the time, and printers' certificate, which are given in the statement of the case.

The Revised Statutes, page 558, sec. 104, says: " It shall be the duty of said Circuit Court—now County Court—at the time and place specified in said notice aforesaid, or at such other time as the court shall appoint, to hear and determine,

etc., etc.  The petition in this case was presented to the court at the time and place specified in the notice.  The time was on the 3rd day of September, 1856,—at no other time or place. Hence the notice lacked one day of being for six weeks before the presenting of the petition.  The court did not order a different time, day or place.  Rev. Stat., page 558, sec. 104.

The defendant in this case claims title to the land in dispute from the heirs of Benj. F. Jewett, deceased, and in the brief of the counsel of the plaintiff in error, it is admitted, in these words, that : " Benj. F. Jewett died intestate on or about the 20th day of December, 1848, seized in fee simple of the premises in dispute, and that defendant in error has a chain of title, perfect and complete, from the heirs of said Jewett to the premises."  The ancestor of the heirs, the debtor of the claimant, had been dead eight years and more before the presenting of the petition.

There are some questions arising in this case of much importance: and first, What is necessary to give jurisdiction to the court to sell decedent's lands ?

1st, He must be indebted ;

2nd, The personal estate must be exhausted before the lands can be sold ;

3rd, There must be a petition by the administrator, setting out the facts why the sale of lands is required ; and

4th, There must be a publication for three successive weeks, commencing six weeks before the presentation of the petition to the court for an order of sale.

In this case all the above facts *prima facie* were made out but the last.  The publication was made but for *five weeks* before the presenting of the petition.

The question now comes, if the publication was not such as required by law, Did the court get jurisdiction of the land? What is jurisdiction ?  It is to hear and determine a case in the mode and manner pointed out by the statute that creates the court with its powers and duties.  Our statutes did create the county and the probate court, with their powers and duties.  Is the publication for *five* weeks, instead of *six*, which

the law directs, a compliance with the law? Most assuredly it is not.

Is the judgment of the County Court of Tazewell county void for the want of jurisdiction? It is void. Could the court sell the lands of Jewett had he not been indebted, had he been living, had there been no petition, had there been no notice, which is the truth in the case? Never. All these things are necessary conditions to the court getting jurisdiction.

The Supreme Court of this State say, in 18 Ill. 551, "But in making this decree, as in the case of constructive notice by publication, the requirements of the statute must be strictly complied with, and this must affirmatively appear on the record." "When that notice is constructively given, the party claiming benefits under it must show a strict compliance with every requirement of the statute. Nothing less will invest the court with jurisdiction."

The Supreme Court of Indiana, in the 7th volume of Indiana Reports, at page 120, says, in reference to the time of a four weeks publication, this, "The statute required the publication of notice four weeks in a newspaper. Now when a statute prescribes a certain thing to be done, to constitute constructive notice of a suit or legal proceedings, does it not take all of that thing to make notice? A part would seem to amount to nothing. The statute in this case said, publish four weeks in a newspaper, and the court will have jurisdiction. But the statute was not complied with, and it would seem to follow, that there was no jurisdiction. No discretion was left to the court as to what should constitute notice." 18 Ill. 551; 6 Smedes and Marshall, 259; 1 id. 351; 3 Cowan, 59; 16 Smith's R. 180; 11 Wendell, 648; 7 Ind. 120; 15 Ill. 394; 1 Hill, 130; 7 Barbour, 39; 3 id. 341; 19 Missouri, 454; 11 Howard, 437; 2 Yerger, 484; 7 Smedes and Marsh. 449; 32 Mississippi, 324; 3 Green, 374; 3 Iowa, 374; 10 Peters' R. 161; 11 Foster, 273.

The judgment in this case can be inquired into collaterally. It is admitted, for the sake of argument in this case, that

orders, decrees, etc., of courts of limited, but not inferor juris-diction, are not void where there is nothing on the face of their proceedings that show that the court exceeded its juris-diction. But where it does appear affirmatively on the face of the proceedings that the court did not get or obtain the juris-diction, or exceeded the jurisdiction, then its proceedings are void. In the first case there are presumptions in its favor; in the last there can be none. Then the record tells the whole true story. Look at the notice: it is for *five* weeks, not *six*. The said decree is void, and the judgment may be inquired into collaterally. 18 Ill. 551.

No person not a party to the suit-bill, petition, etc., can reverse it, can bring error, can appeal. The heirs in this case were not made parties in this suit. They are not privies. It is true that in this case, *Gibson* v. *Roll*, the court did say or intimate that the heirs *could* support a writ of error, though not made parties defendants. I suppose the court only means to say that the heirs *may* support a writ of error—not that they *shall* do so. Because the parties cannot support a writ of error, because they are not compelled to do so, they have the old and undoubted right to attack the County Court's judgment in a collateral way—an ejectment. 25 Ill. 390; 16 Ill. 177; 19 Ill. 119.

County and probate courts are courts of limited juris-diction, though not inferior ones. A fair presumptiom should be indulged in to sustain them, their judgments, proceedings, etc. Their proceedings, their judgments, are *prima facie* correct. However, some things must be apparent, must ap-pear on the face of the proceedings, to give them full validity —for instance: indebtedness, death of debtor, administra-tion, petition and notice, etc. The Supreme Court say, in 23 Ill. 489, "It is the existence of these facts which awakens the power of the court, which calls it into action. They are fundamental facts, and although the court had cognizance of the general fact, it not appearing by the record that the facts were such as to give the court jurisdiction in the particular case, we are not authorized to presume their existence." 23

Ill. 484; 19 Ill. 113; 16 Ill. 177; 18 Ill. 551; 2 Scam. 366; 2 Gilm. 583; 14 Ill. 369; 17 Ill. 276.

And lastly, Jewett died on or about the 20th of December, 1848. The application in this case to sell was made on the 3rd day of September, 1856. Jewett, then, was dead more than eight years before the presenting of the petition in this case. The statute of limitation, by analogy, if not absolutely, has run against the claim. Frauds too numerous are thus, after long lapse of time, perpetrated against estates.

Our own Supreme Court, in delivering its opinion in the case of *McCoy* v. *Merron*, says, " It seems to me that that certainty in the law so necessary to enable the citizen to know his rights of property—by analogy to the lien of judgment and the limitation of entry upon and action for the recovery of lands—requires the application to this case of the fixed period of seven years from the death of the ancestor." 18 Ill. 519; 23 Ill. 484.

CATON, C. J. The only question to be considered in this case, is the sufficiency of the notice to justify the action of the court. If the notice was insufficient to give the court jurisdiction to make the order for the sale of the real estate, then the sale under that order conveyed no title. This was the notice and certificate of publication :

" ADMINISTRATOR'S NOTICE.—Notice is hereby given that I will make application to the County Court of Tazewell county, on the third day of September, for a decree to sell all or so much of the real estate of Benjamin F. Jewett, deceased, late of Tazewell county, as will be sufficient to pay the debts of said estate. All persons interested are requested to appear and show cause, if any they have, why such decree should not be granted.

WILLIAM S. MAUS,
"PEKIN, July 24, 1856. Adm'r of Benj. F. Jewett, dec'd."

Accompanied by the following certificate :

" We, Young & Underwood, printers and publishers of the 'Weekly Plaindealer,' do hereby certify that the annexed advertisement was published in the ' Weekly Plaindealer' for six weeks successively—the first publication being on the 24th day of July, 1856, and the last publication on the fourth day of September, A. D. 1856. YOUNG & UNDERWOOD,
Publishers and Printers."

The statute requires the notice to be published for three successive weeks, the first publication to be at least six weeks before the presenting of the petition. Here there was less than six weeks between the 24th day of July, when the notice was first published, and the third day of September, when all persons interested were notified that the petition would be presented, and had the petition been presented on that day there is no doubt that the notice would have been insufficient. But the record shows that the petition was actually presented on the ninth day of September, when the six weeks had expired. Was then this notice sufficient to authorize the court to receive the petition on the ninth of September, and to act upon it? Were parties interested bound to appear at all under a notice which showed on its face that they were notified so to do, at a time when the law imposed no obligation upon them to appear? We are inclined to think that the notice was void upon its face. The question is not whether, if the six weeks had expired on the third of September, the court could have received the petition afterwards, though that would be by no means clear. The one hundred and fourth section says, "It shall be the duty of the Circuit Court, at the time and place specified in the notice aforesaid, or at such other time as the said court shall appoint, to hear and examine the allegations and proofs of such executor or administrator," etc. Now, this would seem to imply, that the petition must be presented on the day specified in the notice, and then the court may order another day for hearing the proofs. The statute does not say that the court may order another day for the presentation of the petition. The order authorized to be made would seem to follow the presentation of the petition, and is in the further progress of the cause. Until the petition is presented there is nothing upon which the court can act; there is no proceeding in which the court can make the order fixing the time for hearing the proof. When the notice is published as required by the statute, those interested are bound to appear and attend upon the court during the whole of that day, either to resist the application then, or to hear the order of the court fixing another time for hearing the proof; but if during that

day no petition is presented, they may well presume that the purpose of presenting it is abandoned, and go about their business. It would be a great hardship to require them to attend during a whole term, lasting perhaps for several weeks, to see if some move would not be made in the matter.

We think the court decided properly in rejecting the deed, and its judgment is affirmed.

*Judgment affirmed.*