THOMAS MADDEN

*v.*

ABRAM COOPER.

| 47 | 359 |
| 155 | 162 |
| 47 | 359 |
| 63a | 481 |

1. ADMINISTRATOR—*of notice—need not specify the day of term on which the application for an order to sell will be made.* A notice by an administrator of an application for an order of court to sell lands to pay debts, need not specify the day of the term on which he will make the application.

2. NOTICE—*what is—under the statute.* Where the notice was published three successive times in a weekly newspaper, the first publication of notice appearing on the 16th of March, the second on the 23d, and the last on the 30th of March: *Held,* this was a compliance with the statute, which requires publication of notice, three weeks successively.

3. SAME. It is not necessary that six weeks should intervene between the first day of publication of notice and the first day of the term; it is only necessary that six weeks should intervene between the first day of publication of

notice, and the day upon which an application is made to that term of court for an order to sell.

4. PETITION—*of an order of court to sell lands.* A petition by an administrator to the circuit court for an order to sell lands to pay debts, stated the amount of personal assets, and of debts allowed against the estate, showing a deficiency in the former, and, on objection to the petition, that it did not show that the petitioner had made out a just and true account of the personal estate, and that the personal property was insufficient: *Held,* that these were matters for the consideration of the probate court, and where the judge of that court has certified, in the usual form, the amount of assets, and the amount of claims allowed against the estate, showing a deficiency of personal assets, such evidence will justify an order of sale of the real estate.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. SAMUEL D. LOCKWOOD, Judge, presiding.

The facts are sufficiently stated in the opinion.

Messrs. KNAPP & HODGES, and Messrs. TANNER & CASEY, for the plaintiff in error.

Messrs. L. & L. DAVIS, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is a writ of error to reverse a judgment rendered by the Circuit Court of Jersey county, at the April term, 1844, ordering the sale of the real estate of Elisha Madden, deceased, to pay the debts of the deceased, on the petition of his administrator, John M. Davis.

Various objections are alleged against the order authorizing the sale, which we have fully considered, and find no one of them substantial.

The petition sets forth all the facts, and contains all the allegations requisite to give the court jurisdiction.

The petitioner is described as the administrator of Elisha Madden, deceased; that he died seized of the lands described in the petition, being one hundred and sixty acres; that he left personal property amounting to three hundred and ten dollars and eighty-seven cents, and that the claims allowed against the estate amounted to six hundred and three dollars and thirty cents, and that there were claims outstanding, amounting to about one hundred dollars, in addition, and that he had given notice, according to law, of this application.

One objection is, that the petition did not show that the petitioner had made a just and true account of the personal estate, or that the personal property was insufficient. These, it is understood, are matters for the consideration of the probate court, and the judge of that court certified in the usual form the amount of assets, and the amount of claims allowed against the estate, clearly showing a deficiency of personal assets. This was evidence sufficient to satisfy the circuit court that a sale of some portion of the real estate was indispensable to the payment of the debts, and is in conformity with the practice in like cases, and pursuant to the statute. There being no bill of exceptions, it cannot be known what other evidence the court heard on these points, but enough was before it to advise it of the propriety and necessity of granting the order. A guardian *ad litem* had been appointed, and no objections were made by him, and we perceive none that he could successfully make.

The great point of objection made by plaintiff in error is, that the court had no jurisdiction, the notice of the application being insufficient.

The statute then in force required three weeks notice in the nearest newspaper, if resort was had to that mode, the first of which should be inserted six weeks before the day the petition should be presented.

It appears from the certificate of the publisher of the newspaper in which this notice appeared, that the first insertion

was on the sixteenth of March, 1844, and the last on the 30th day of the same month, and that it was published three weeks. This was a virtual compliance with the statute in that regard.

But, it is urged, there were not six weeks from the time of the first publication of the notice to the first day of the term of the court, at which the petition was to be presented, as the first day of term commenced on the twenty-second day of April. It is evident there were not six weeks intervening the 16th of March and the 22d of April, but the petition was not presented until the 27th day of April, and the order of sale obtained on that day, which day completed the six weeks required by the statute. The notice, it will be observed, was not that the petition would be presented on the first day of the term, but at the term. The notice was not like process which the statute requires shall be made returnable on the first day of the term, or on a particular day. This notice indicated no particular day of the term, and is, therefore, unlike the case of *Gibson* v. *Roll*, 30 Ill. 172. By a correct computation of time, it will be seen the petition was not presented until six weeks had elapsed after giving the notice.

The court having jurisdiction, both of the subject matter and of the parties, subsequent or concurrent irregularities should not, after the lapse of four and twenty years, be allowed to reverse the judgment, the more especially as none of them worked any injury to the heirs of the intestate. Of this character is the objection, that it does not appear the sale was made according to the order of the court. If this were so, it could not invalidate the sale or take the land from a *bona fide* purchaser, nor could the fact that the guardian *ad litem* failed to answer the petition and make a defense against it. Should the judgment be reversed on that ground, it would not restore the land to the heirs, as this court held in *Goudy* v. *Hall*, 36 Ill. 318.

Nor would a defective notice of the sale have that effect, as the same case shows.

We fail to perceive any error in the record of sufficient moment to justify a reversal of the judgment, and it must be affirmed.

*Judgment affirmed.*