JAMES BREE *et al.*

*v.*

MARTIN BREE, Admr. etc.

1. ADMINISTRATOR'S SALE OF LAND—*to pay debts—requisites of the petition.* In a proceeding by an administrator, under the act of 1857, for leave to sell real estate to pay debts, the petition should allege, in order to give the court jurisdiction to order the sale, that an account of the personal estate and debts had been made, as mentioned in the act, or that the decedent left no personal estate of which an account could be made.

2. And where the petition alleges that the decedent left no personal estate, such allegation, of itself, is sufficient, upon proof of the fact, to confer jurisdiction upon the court to order a sale of the lands.

3. JUDGMENT AND DECREE—*when it will be presumed that the evidence warranted the decree rendered.* And where, in such case, the finding of the court is, that all the material allegations of the petition had been proved, this court will, in the absence of anything in the record rebutting such finding, presume that it was warranted by the evidence.

4. This being a statutory proceeding, the evidence need not all be preserved in the record.

WRIT OF ERROR to the County Court of La Salle county; the Hon. JOHN C. CHAMPLIN, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Mr. Oliver C. Gray, for the plaintiffs in error.

Messrs. Bushnell & Avery and Mr. Frank J. Crawford, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

At the November term, 1859, of the County Court of La Salle county, defendant in error, as administrator of the estate of John Bree, deceased, filed a petition for the sale of the real estate to pay debts. The petition alleges that John Bree died intestate on the 30th of August, 1858; that he left surviving him Mary Ann, James, Michael and Emma Bree, his only children and heirs at law; that petitioner was duly appointed administrator of the estate; that decedent left no personal property in this State, and petitioner was unable to find any; that the amount of debts proven up and allowed against the estate was $148.03. That on the 13th of March, 1857, decedent executed a mortgage to one Thomas Talbot, upon the north-east quarter section 15, town 34 north, range 3 east 3d p. m., which he owned in fee simple, to secure a debt of $360, with ten per cent. interest, due two years from date; that Talbot had proceeded to foreclose the mortgage, and at the August term, 1859, obtained a decree directing the master to sell the same to satisfy the decree; that the premises were sold by the master on the 27th of the same month, to Talbot, for the sum of $484.86, and the master gave to him a certificate of purchase; that the premises had not been redeemed from the sale; that the amount for which the land was sold was an inadequate price, and that if its real value could be realized on a sale, the proceeds would be sufficient to redeem from the first sale and pay the debts allowed against the estate, and all costs of administration, and leave a large

surplus for distribution among the heirs; that decedent left no other property that could be applied on the debts, or to redeem the land.

The heirs were made defendants, and the bill prays process, a sale of the premises, or the equity of redemption, and for general relief. A summons was issued and returned not found, and an *alias* was sued out and returned served.

A guardian *ad litem* was appointed for the defendants, who were infants, at the March term, 1860. He filed an answer, and the case was referred to a special master to hear and report the evidence. He filed his report, at the same term, from which it appears that the allegations of the bill were proved.

The court rendered a decree, directing the sale of the property, and in the decree the court finds all the allegations of the bill to have been proved. At a subsequent term of the court, defendant in error reported that he had sold the land for the sum of $1,600, and the sale was confirmed.

The record is brought to this court, and it is assigned for error that the court below had no jurisdiction to make the order of sale, and in ordering a sale of the premises, when the bill should have been dismissed, and in appointing a special master in the case. The last assignment of error seems to have been abandoned, as it is not noticed or urged in the argument, and we shall therefore pass it without discussion, regarding it as not well taken. The other errors are substantially the same, and will be discussed together, and present the question, whether the court below had jurisdiction to render the decree.

It is not claimed that the court did not have jurisdiction of plaintiffs in error, and it is therefore unnecessary to raise or discuss any question as to such jurisdiction. But it is urged that the court failed to acquire jurisdiction of the subject matter of the suit, and that the decree is void. The grounds relied upon are, that the petition fails to contain all the material averments required by the statute, and essential to confer jurisdiction to order a sale of real estate for the payment of

debts of the estate. This proceeding was based upon the first section of the act of 1857, (Gross' Stat. 818,) which is this :

" When it can be ascertained that the personal estate of any testator or intestate is insufficient to pay the just claims against his or her estate, and there shall be any real estate to which such testator or intestate had claim or title, and the executor or administrator has made a just and true account of the personal estate and debts to the county court having jurisdiction thereof, such real estate, or such portion as may be necessary to satisfy the indebtedness of such testator or intestate, and the expenses of administration, may be sold in the manner herein provided."

And the eighth section of the same act declares :

" Upon a hearing of the cause upon the issues formed, or where default shall be taken, it shall be the duty of the court to hear and examine the allegations and proofs of the parties, and of all other persons interested in said estate, who may appear and become parties. And if, upon due examination, the said court shall ascertain that the executor or administrator has made a just and true account of the condition of said estate, and that the personal estate of the testator or intestate is not sufficient for the payment of the debts against such estate, the said court shall find, as near as can be, the amount of deficiency, and how much, and, if a part, what portion of the real estate described in the petition it will be necessary to sell to pay such deficiency, with the expenses of administration then due or to accrue, and make a decree for the sale thereof."

The 81st section of the statute of wills, requires the administrator to make out and file a full and perfect inventory of the estate, within three months from the date of his letters. It is urged that under this legislation it is indispensable to the

jurisdiction of the court to render a decree for the sale of real estate, that the petition should allege that the administrator has made a just and true account of the personal estate and debts of the estate, to the county court; that this allegation is one of the jurisdictional facts that must appear before the judicial power of the court can be put in motion. This court has repeatedly held, that it must affirmatively appear that the court had jurisdiction to render the decree, or its proceedings could not be sustained. *Langworthy's heirs* v. *Baker*, 23 Ill. 489. In the cases of *Herdman* v. *Short*, 18 Ill. 59, and *Gibson* v. *Roll*, 27 Ill. 92, it was held, that the statute must be pursued in this proceeding, and unless the mode pointed out by the statute for bringing the parties in interest before the court has been adopted, there will be such a want of jurisdiction as will vitiate the sale. In the case of *Monahan* v. *VanDyke*, 27 Ill. 154, it was held, that the record must show that a petition was filed, or the decree will be reversed. In the case of *Stow* v. *Kimball*, 28 Ill. 93, the petition was informal, but as it contained the allegations of the amount of real estate of which intestate died seized, and the amount thereof necessary to pay his debts, and requested the aid of the court in the premises, it was held, that the allegations conferred jurisdiction, and called upon the court to hear, to consider, and to decide upon the matter, and when it so decided, that decision was valid and binding, every where, until reversed; that the statute required no more to give jurisdiction of the subject matter. The act of 1857 does not, in terms, require that the petition shall show that an account has been made and returned to the county court, but it authorizes the administrator to file a petition when he ascertains that the personal estate is not sufficient to pay the debts, and shall have filed such an account. It is, no doubt, under this provision, necessary to allege that the account has been made, or that there were no personal effects of which an account could be made.

In this case it was alleged in the petition that decedent left no personal property, and on the proofs in the case the court

below, in its decree, found the allegation to be true. It was the evident purpose of the legislature to provide the means of subjecting the real estate of decedents to the payment of their debts ; and not simply in a class of cases only, but in all cases. And the want of such power in administrators and executors, was the evil they were engaged in remedying ; and the law must be so construed as to effectuate, and not destroy or cripple, the remedy. To hold that this averment is essential in all cases to the jurisdiction of the court, and its proof to the granting the relief, would be to deny the power of the court to order a sale of real estate where decedent owned real estate and owed debts, but died without personal property. This could not have been the intention of the general assembly. They no doubt intended to, and supposed they did, provide for subjecting the real estate of deceased persons to the payment of their debts, when their personal property was insufficient, and the same necessity exists where there is no personal estate at the time of his death, as arises when it has been exhausted in the due course of administration. It sufficed, therefore, to give the court jurisdiction, to allege that intestate died leaving no personal property.

Under this allegation it was necessary to prove there was no personal property, before the court could order the sale of the land. But as there could be no account rendered of the personal estate, because there was none, the proof of this allegation required the court below to render the decree upon proof of the other allegations of the petition. *Madden* v. *Cooper,* 47 Ill. 359.

It is urged that the proof fails to sustain the decree. It was rendered on a hearing upon the bill, answer of guardian *ad litem,* master's report and proofs. It finds that every material allegation of the petition was proved, and this has been held to be sufficient, even in chancery practice. But this is a statutory proceeding, and the evidence need not all be preserved in the record. When the court finds that all the material allegations have been proved, we will, in the absence

of anything rebutting the finding of the court, presume the evidence warranted the finding. In this case, from the master's report and the recitals of the decree, we are satisfied the decree was warranted, and being unable to discover any error in this record, the decree of the court below is affirmed.

*Decree affirmed.*