FRANKLIN MOFFITT *et al.*

*v.*

JOHN MOFFITT.

69   641
38a  515
69   641
84a  243
69   641
197  ³430
69   641
104a ¹280
69   641
208  ²454

1. COUNTY COURT—*intendments in favor of its jurisdiction.* The county court, when acting within the sphere of its jurisdiction, is not to be regarded as an inferior court; and where such court adjudicates upon the administration of estates over which it has a general jurisdiction, as

liberal intendments will be indulged in its favor as to the proceedings of the circuit court.

2. SAME—*decrees of, can not be attacked collaterally, except for want of jurisdiction.* As the jurisdiction of the county court over the sale of real estate, to pay debts of deceased persons, is concurrent with and as large as that of the circuit court, its decrees, in a collateral proceeding, can only be attacked for want of jurisdiction. Mere errors can only be urged in a direct proceeding to reverse.

3. ADMINISTRATOR'S SALES—*failure to preserve evidence in proceeding to sell lands.* A proceeding by an administrator to sell lands to pay debts, is not a chancery proceeding; but if it were, the failure to preserve the evidence in the record, upon a decree of sale, in nowise affects the jurisdiction, and can not be urged in a collateral proceeding attacking the sale.

4. SAME—*jurisdiction, how acquired.* In a proceeding to sell lands to pay debts of a deceased person, jurisdiction of the persons of the defendants is acquired by service or by appearance, and of the subject matter, by the filing of a petition, by the executor or administrator, containing the necessary allegations, which, under the law, calls upon the court to act.

5. SAME—*sufficiency of petition as to appointment of the petitioner.* It is not essential, to confer jurisdiction, that the petition of an administrator for leave to sell real estate, to pay debts, shall state how the petitioner was appointed, or that he was appointed by a court having power. It is sufficient to state that the petitioner is the administrator of the estate, generally.

6. SAME—*sufficiency of petition as to statement of debts.* An allegation in the petition "that there are debts now standing against said estate, which have been allowed, to the amount of —— dollars, and that there are no assets in petitioner's hands, the personal property being all exhausted, wherewith to pay said debts, without selling real estate," is a sufficient statement of indebtedness to authorize a decree for the sale of lands.

7. FORMER DECISION. The rule in this regard, as stated in *Bree* v. *Bree,* 51 Ill. 367, is inaccurate. What should have been said is, that there must be some allegation that there are debts against the estate, and that there is no personal property, or there being such, that it is insufficient for the payment of debts.

8. SAME—*sufficiency of petition in a collateral proceeding.* It is sufficient, to give jurisdiction, where the allegation is made, no matter how informally, that there are debts against the estate, that the personal property is insufficient to pay them, and that the deceased left real estate. More formal allegations may be necessary on demurrer, when it may be necessary to show that the petitioner has made a just and true account of the personal estate, etc. It is not necessary to the jurisdiction to state the amount of the debts.

9. SAME—*decree giving longer credit than the statute provides.* The stat-ute empowering an administrator to sell real estate on a credit of not less than six nor more than twelve months, applies only where the decree of the court gives no directions as to the sale, and it is not even error for the decree of sale to order a longer or different credit to be given.

10. SAME—*irregularity in sale does not invalidate it.* An irregularity in an administrator's sale of real estate, by failing to comply with the statute, will not invalidate the sale. If the proper notice is not given of the sale, it can be taken advantage of only on motion to set the sale aside.

11. SAME—*jurisdiction to render second decree.* Where, after a decree for the sale of land by an administrator, the court, at a succeeding term, makes a second decree, modifying the first, without a new notice to the defendants, the latter will be void, for want of jurisdiction.

12. SAME—*recital of decrees in deed.* Where a subsequent decree is made, but which confers no power to sell, and is intended only to modify the first decree as to the credit to be given, the administrator's deed will be sufficient if it contains the first decree only.

13. SAME—*no confirmation of sale necessary.* The statute does not re-quire that an approval of an administrator's sale of land shall be neces-sary to vest title in the purchaser, as in the case of a guardian's sale.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. WEAD & JACK, for the appellants.

Messrs. MCCULLOCH & STEVENS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellants brought ejectment, to recover a tract of land. On the trial, the plaintiffs proved title by a deed of convey-ance, with covenants of warranty, from defendant to Abner Moffitt, their ancestor, bearing date on the 11th of October, 1854, and proved that Abner Moffitt entered into possession, in his lifetime, under the deed from defendant, and was residing on it at the time of his death. Appellee then ad-mitted that he was in possession of the premises when the suit was commenced.

The defense interposed was, the proceedings had in the county court of Peoria county for the sale of the land by the

644 MOFFITT *et al. v.* MOFFITT. [Sept. T.

Opinion of the Court.

administratrix, for the payment of debts of the estate of Abner Moffitt, deceased. Defendant also introduced a deed of conveyance to him for the premises, from the administratrix, on a sale under these proceedings, dated the 22d day of June, 1860, and a decree confirming the report of the sale. These proceedings were read in evidence, against the objection of plaintiffs. The trial resulted in a judgment against plaintiffs, and they bring the record to this court, and ask a reversal.

It is urged that the county court had no jurisdiction to decree the sale; that, if it had jurisdiction, the decrees which it rendered were not complied with, as no such sale as they authorized was made; that the sale was void on its face, and was a nullity. The jurisdiction of the court over the persons of the defendants to that proceeding is not questioned, but it is denied that the petition filed by the administratrix contained allegations necessary to confer jurisdiction.

It has been repeatedly held that the county court, although of limited, is not, strictly speaking, of inferior jurisdiction; that it is a court of record, and has a jurisdiction of unlimited extent over a certain class of subjects, and, when acting within that sphere, its jurisdiction is as full as that of the circuit court. When, therefore, it is adjudicating upon the administration of estates, over which it has a general jurisdiction, as liberal intendments will be indulged in its favor as would be extended to the proceedings of a circuit court. *Propst* v. *Meadows,* 13 Ill. 157 ; *Von Kettler* v. *Johnson,* 57 ib. 109.

As the county court has concurrent and as large a jurisdiction over the sale of real estate for the payment of debts of deceased persons, as the circuit court, and being a court of record, as liberal intendments will be made, under these authorities, in favor of the jurisdiction, as had the proceeding been in the circuit court, and, in a collateral proceeding, the decree can only be attacked for want of jurisdiction. Mere error in the proceedings can only be urged on a direct proceeding for a reversal.

It is insisted that the statute has made this a proceeding in chancery, and, if so, that the evidence read on the hearing in the county court, and upon which the decree was based, should, according to chancery practice, have been preserved in the record.

We are not inclined to the opinion that the legislature intended to make this a chancery proceeding, nor can we see that the statute will fairly bear such a construction; but even conceding that such was the design, still we fail to see how the mere preserving, or not preserving, the evidence in the record can in anywise affect the jurisdiction of the court. The jurisdiction of the defendant, as all know, is acquired by service or appearance; and the jurisdiction of the subject matter is acquired, in this class of cases, by the filing of a petition, by the executor or administrator, containing the necessary allegations, showing that the case requires the court, under the law, to proceed to hear and to adjudicate on the facts presented.

We then come to the consideration of whether the petition in this case contains the requisite allegations to call into action the judicial functions of the court. The first section of the act of 1857, page 138, provides that, where it can be ascertained that the personal estate of any testator or intestate is insufficient to pay the just claims against his or her estate, and there shall be any real estate to which such testator or intestate had claim or title, and the executor or administrator has made a just and true account of the personal estate and debts to the county court having jurisdiction thereof, such real estate, or such portion thereof as may be necessary to satisfy the indebtedness of such testator or intestate, and the expenses of administration, may be sold in the manner therein provided. The second section provides that the manner of proceeding shall be by filing a petition by the executor or administrator, in the county or circuit court of the county in which the letters were granted, and provides who shall be made parties.

646 MOFFITT *et al. v.* MOFFITT. [Sept. T.

Opinión of the Court.

It is first objected that the administratrix does not state how she became such, or aver positively that she was appointed by any court having power. Whilst an accurate pleader would have made the averment, we by no means regard it as essential to the jurisdiction of the court. In this requirement of the statute, the act of 1857 does not differ materially from the 103d section of the Statute of Wills. The language of the two sections, as to who shall file the petition and where it shall be filed, is almost identical. In *Stow* v. *Kimball*, 28 Ill. 93, the petition was attacked as insufficient to confer jurisdiction; but, notwithstanding there was no allegation as to when, where or of whom the letters were obtained, nor was it stated when or where intestate died, still it was held that the court obtained jurisdiction to render the decree. That case is conclusive of this question.

It is objected that the allegation "that there are debts now standing against said estate, which have been allowed, to the amount of —— dollars, and that there are no assets in petitioner's hands, the personal property being all exhausted, wherewith to pay said debts, without selling real estate," was not sufficient to authorize the court to order the sale of real estate. On turning to the case of *Stow* v. *Kimball, supra,* it will be seen that this allegation is more full and formal than in that case. In that case, there was no allegation that the debts had even been allowed against the estate, and the supplemental petition for leave to make sale of real estate not embraced in the petition did not even state that there were any debts against the estate, and the jurisdiction was sustained.

It is urged that there is not an allegation that the administratrix had made a just and true account of the personal estate. In *Stow* v. *Kimball, supra,* the sale was asked "for the purpose of settling demands against said estate, there not being sufficient personal property or money belonging to said estate to discharge the same from its liabilities." There was no averment that there had been made an account, or any-

thing else in reference to the personal property, and the court was held to have had jurisdiction. In this case, the allegation is: "That the personal estate of the said Abner Moffitt has been all sold and applied on the payment of the debts of said estate, and has been duly accounted for by petitioner." Thus it is seen that the allegation in this case is fuller than in that. The requirement of both statutes as to the making of the account is the same. The case of *Bree* v. *Bree*, 51 Ill. 367, is referred to as holding that there must be an allegation that there was no personal estate left by deceased, or if there was, that an account had been made. That was a direct proceeding to reverse the decree for error, and the petition contained the allegation that there was no personal estate, and that there were debts against the estate, and it was held to confer jurisdiction. The rule there announced was inaccurate. What should have been said is, that there must be some allegation that there are debts against the estate, and that there is no personal property, or there being such, that it is insufficient for the payment of the debts. That more formal allegations may be necessary on demurrer, may be true, but they do not go to the jurisdiction. It suffices to give jurisdiction, where the allegation is made, no matter how informally, that there are debts against the estate, that the personal property is insufficient to pay them, and that decedent left real estate. Hence, as was held in *Stow* v. *Kimball*, *supra*, it was not necessary to the jurisdiction over the subject matter that the amount of debts should be stated.

The allegations in this petition were sufficient to confer jurisdiction on the circuit court, and, as we have seen, the county court is not of inferior, but of limited jurisdiction, and it requires no more to invest it with jurisdiction, in this class of cases, than would confer it on the circuit court. The jurisdiction of the court is sustained by the cases of *Madden* v. *Cooper*, 47 Ill. 359, and *Shoemate* v. *Lockridge*, 53 Ill. 503. That there may have been errors in this proceeding, is, perhaps,

true; but where the court acquires jurisdiction, its sentence or decree can never be attacked collaterally for error.

It is next urged that the court violated the statute, in directing the sale to be made by the administratrix for one-third cash and the balance in twelve and eighteen months. The statute empowers the administrator to sell such real estate on a credit of not less than six nor more than twelve months.

In the case of *Reynolds* v. *Wilson,* 15 Ill. 394, it was held that this authority of the statute only applied where the decree gave no directions as to the sale, and that it was not error for the court to require a longer credit than that specified in the act. This decree was, therefore, legal and valid, and unassailable even on error. In that case, it was objected that a non-compliance with the terms of the decree would fail to divest the heirs of title, but the court declined to decide that question; but the sale was set aside for the want of a proper notice. It will be observed that it was a direct proceeding, and no one could maintain that the administrator could violate both the statute and the requirements of the decree, and have his sale confirmed when · exceptions were taken to such action.

It is urged that the last decree was repugnant to the first, and that the notice of sale was not given the requisite time after its rendition. We have seen that any irregularity in the sale, by failing to comply with the statute, would not invalidate the sale; so that this objection could only be urged on a motion to set aside the sale, or on error. The second decree seems to have been entered without notice to the defendants, and when they were not required to be in court, and the county court did not have jurisdiction over the persons of the defendants, for the purpose of rendering that decree. When the first decree was rendered, on the 24th day of April, it being final, the defendants were not bound to be in court until the sale should be made and the report filed, unless served with notice. The presumption is, that the cause was

continued when the first decree was rendered, and the second decree was rendered at the May term following.

This supplemental decree, even if was binding, is in no material respect repugnant to the first, as it only limits the terms of the sale to one-third cash and the balance in twelve months. It does not affect the power to sell, and does not relate to the substance of the former decree, and was, in any event, immaterial and useless, and, whether it was obeyed or not, could in nowise affect the power to sell, or the title to the purchaser.

It is also urged that the administrator's deed does not contain this last decree, but only the first. The second decree conferred no power, and was merely intended to modify one of the instalments on the sale of the land, and was not binding. The first decree is the one under which the notice was given, the sale was made and the conveyance was executed ; and when it was set out in the deed, we have no hesitation in saying that the technical requirement of the statute was complied with, and the objection can not be urged to defeat the title acquired under this sale.

It is next urged that there was no confirmation of the title by the court, by affirming the sale, but simply a confirmation of the report made by the administratrix. Even if this be as contended, this is not like a guardian's sale, where the statute requires the guardian to report his proceedings, which, if approved, shall vest the title in the purchaser. The statute regarding sales of this character has no such requirement, and does not provide that an approval of the report of the administrator shall be necessary to vest title in the purchaser. In the absence of such a provision, it is no more reasonable to insist upon it than to urge the necessity to have a sale by a sheriff or constable approved, to pass the title.

Whilst all are aware that the law should not be loosely administered in transferring title by sales of this character, still there must be a reasonable protection extended to the purchaser. If the statute is so construed that every slight

deviation from its requirements shall defeat the title derived from the sale, then no one will ever pay a fair price for lands thus sold. That would be to sacrifice the lands of infants, and leave none to compete at such sales, as none but sharpers and speculators would run the risk of a title thus derived. The statute must have a reasonable construction; and when that is given, the minors must rely upon their relatives and friends to see that such sales are fairly made. If guardians, parents and friends are so reckless or indifferent as to the rights of infants, we are unable to perceive how the General Assembly can protect them, so long as those from whom they inherit shall die indebted to an amount beyond the value of their personal property. To hold that every departure from the statute should vitiate the sale, would be, we have no doubt, vastly more destructive of the interests of minors than all the abuses likely to occur under the construction the court has adopted.

Perceiving no error in this record, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*