GERHARD PAULLISSEN AND LAMBERT PAULLISSEN
v.
WILHELMINA LOOCK.

*Former Adjudication—Probate Courts—Final Orders of—Effect of when within Jurisdiction—Acceptance of Trust under Mistaken View of Law.*

1.   The decrees and orders of probate or surrogate courts, made in the exercise of jurisdiction conferred by law, are as final and conclusive as are the judgments, decrees and orders of any other court, and the character and finality of *res adjudicata* attaches to decisions and determinations of such courts as to all other courts of record.

2.   Where a probate court, in the course of administration of an estate, has entered a final order of distribution, and years afterward the intestate's widow files a bill against her attorneys in fact for an accounting of moneys received by them under her power of attorney, and in pursuance of such order of the court, they can not set up in defense to such prayer for an accounting the fact that the widow murdered her husband, and that she was therefore not entitled to any share out of his estate.

3.   A court of equity will not grant relief against, or correct, a mistake or misapprehension of the law, and if a party designs or undertakes to perform an act under a mistaken view of the law affecting the transaction, he will be held to the obligation incurred; therefore, appellants having accepted the power of attorney from appellee to collect and care for her share of her husband's estate, they can not be heard to assert that she had no legal right to such share.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILSBURY, Judge, presiding.

Messrs. T. P. BONFIELD and HARRISON LORING, for appellants.

Mr. H. K. WHEELER, for appellee.

UPTON, J.   This was a bill in equity by appellee against the appellants in the Circuit Court of Kankakee County, charging that one Moritz Loock, now deceased (her late hus-

band), died intestate, leaving personal estate and an infant heir at law in said county; that appellee gave the appellants a power of attorney to act for her, and as such attorneys in fact to collect for her the widow's award and distributive share of the personal estate of her late husband to which she might be entitled, and authorized them to pay out a portion of the same for the support of such infant heir and other purposes; that her said attorneys in fact collected the same, amounting to nearly $2,000 or more, and refused to account with the complainant therefor.

The estate of Moritz Loock was duly administered upon by the County Court of said county, whereof one Grinnell was administrator, duly appointed, and full settlement thereof and distribution therein made many years since, the administrator discharged and the administration fully closed, long prior to the commencement of this suit. In due course of administration the County Court made its final decree or order of distribution, in which, as the bill charges, the appellants received, in the year 1876, as her attorneys in fact, the sum of $1,250 from the administrator upon her late husband's estate, as and for her distributive share, to which she was entitled under the order and judgment of said court from her husband's estate as widow, and that they received also the further sum of $1,300 from such administrator, as and for the amount due appellee and for her use, as adjudged and determined by said County Court, upon and for her widow's award in said estate, and that until within a few months preceding the filing of complainant's bill herein, the appellants had managed and controlled the said moneys, as shown by their reports to the said County Court of Kankakee County.

The bill further charges that for some years preceding the filing the same herein, appellants had contributed nothing to the support of some of the children intrusted to their care and in said power of attorney mentioned and directed to be supported, and had repeatedly refused, upon application made by appellee, to account with her for moneys received by them, or disbursed as such attorneys, in consequence of which neglect and refusal appellee on the — day of February, 1889, re-

voked the said letter of attorney so given appellants, and filed this bill, praying that an account may be taken of the moneys so received and disbursed by appellants as her said attorneys in fact, the balance due appellee ascertained, and a decree for the payment to the appellee thereof.

To this bill appellants interposed a plea in bar, which on hearing was overruled, and thereupon appellants filed their answer, in which they deny that appellee is entitled to any relief or to any part or portion of the estate of Moritz Loock, —not denying the receipt of the moneys as specially charged and set out in the bill —averring as a reason therefor that the appellee in the month of March, 1876, preceding the death of her said husband, Moritz Loock, committed the crime of adultery with one —— Foremoon, and entered into a conspiracy with him to kill and murder her husband (Moritz Loock), that she might thereby become the widow of her then husband, and as such obtain a dower estate, widow's award, and homestead right in and to the real estate and personal property of her then husband, and thereafter live in a state of adultery with the said —— Foremoon; that in pursuance of such conspiracy she killed and murdered her husband, the said Moritz Loock, with the aid and assistance of the said Foremoon, on the 19th day of February, 1876; that appellee and Foremoon were indicted at the April term, 1876, of the Kankakee Circuit Court for that murder, and both appellee and Foremoon pleaded guilty to that indictment, and were convicted upon such plea, and were thereupon sentenced to the State penitentiary, where appellee is now serving such sentence; that having been guilty of so murdering her said husband, she is not entitled to any part or share of his estate as doweress, distributee or otherwise.

It was further averred in their answer that at the time of their acceptance of the trust as attorneys in fact of appellee, and for many years thereafter, they were ignorant of the law as to the rights of appellee and their wards, her children, and were not informed that appellee was not entitled by law to receive any part of said estate in consequence of her crimes, or that the said estate belonged to their wards, the children

Paullissen v. Loock.

and heirs at law of the said Moritz Loock, as they now understand and are advised the law is, and of their duty to protect the rights and interests of their said wards thereto, and averring that inasmuch as appellants could only protect the rights, legal and equitable, in the names of their said wards and for their use and benefit, pray that their said wards be made parties to this proceeding, to the end that their rights might be determined and protected in that behalf.

Appellants also filed their petition, verified, stating in substance the same facts as alleged in their answer before set forth, and asking that the said wards, children of the late Moritz Loock, be made parties to this proceeding, that their rights might be protected, etc., exception having been filed to appellants' answers for the assigned cause that the charge of adultery and murder therein charged were scandalous and impertinent, and the seeking to make the wards of appellants parties, dilatory and frivolous. On hearing the court sustained the exceptions, ordered the same stricken from the answer, refused the prayer of the appellants' petition to make said wards parties, entered an interlocutory decree that appellants account with appellee, and referred the cause to a master to take proofs, state an account between the parties and report, etc. Upon this reference and proofs taken before the master an account was stated of which report was made and filed, finding in the appellants' hands due appellee $1,697.78, and the court entered a final decree that the sum so found due be paid appellee. To which appellants excepted and appealed to this court.

The error assigned, questions the holdings of the trial court in sustaining the exceptions to the appellants' answer, its refusal to make their wards parties to the bill, its order striking out the appellants' petition to make said wards parties thereto, its decree for an accounting, referring the cause to the master for that purpose, and rendering a final decree against the appellants for the amount found due against them as reported by the master. It is contended by appellants that the determination of the errors assigned depends upon the question whether the (wife) appellee, having murdered her

husband, is or is not entitled to dower, widow's award, or distributive share in the estate of her murdered husband. The contention of the appellee is, that the trial court had no jurisdiction to try the questions raised or sought to be raised by the appellants' answer, for the alleged reason that the County Court of Kankakee County had exclusive original jurisdiction of all questions that could arise touching the matters in the answers of appellants as to right of their wards to the moneys decreed paid to appellee, and that court having determined that the same should be paid to the appellee as widow of Moritz Loock, and that judgment still remaining in full force and not reversed, is final and conclusive of appellee's right thereto—in other words is *res adjudicata.*

It is manifest that if appellee's contention is sustained, we need not inquire in the case at bar as to the right of appellee to obtain dower, widow's award, or distributive share from the estate of her deceased husband, upon the points contended for by the appellant. It must be conceded that the County Court of Kankakee County had exclusive original jurisdiction of the settlement and distribution of the estate of Moritz Loock, the decedent; and all questions that are sought to be raised by appellants' answer in the suit at bar were therein determined, in so far as the right of the appellee, as widow of the decedent, Loock, to her dower, widow's award and distributive share therein, were in question; and that determination and that judgment still remains in full force and effect.

That the estate was fully settled and distribution thereof made, and the money now in controversy was paid to appellants as the agents of appellee, and for her use and benefit, many years since, and is now held by them as trustee for her, pursuant to that order and judgment, the payment of which is now sought to be obtained by appellee in this proceeding, is apparent. It seems conceded that the County Court in its adjudication, settlement and order of distribution of the estate of Moritz Loock, had jurisdiction of all persons and parties in interest therein, including the appellants and their wards, and that courts created by the constitution of the State, with original and general jurisdiction in all matters of probate,

settlement of estates of deceased persons, etc., are not courts of inferior jurisdiction when adjudicating upon questions over which they have general jurisdiction, and as liberal intendments are to be given in their favor as would be extended to the proceedings of the Circuit Court. Constitution, Sec. 18, Article 6; Bostwick v. Skinner, 80 Ill. 147; Moffit v. Moffit, 69 Ill. 641.

The jurisdiction of the County Court being established, both as to person and subject-matter, *errors* merely of that court, if such there were, can only be availing in a direct proceeding to reverse the same, and can not be urged in this collateral proceeding. Moffit v. Moffit, *supra*, and cases therein cited in the opinion of the court. Propst v. Meadows, 13 Ill. 157; St. Louis and Sandoval Coal Co. v. Sandoval Coal Mining Co., 111 Ill. 32 and 38, and cases cited. McMillen v. Lovejoy, 115 Ill. 498 and 501. In Freeman on Judgments it is said, Chap. 12, Sec. 319, " A:"

" The decree and order of probate or surrogate courts made in the exercise of jurisdiction conferred by law, are as final and conclusive as the judgments, decrees and orders of any other court, and the character and finality of *res adjudicata* attaches to determination and decisions of such courts as to all other courts of record, *irrespective of the nature of the issue determined*, provided always that the court had jurisdiction to determine it; and such determination can not be collaterally attacked, impeached or avoided," etc. See the numerous cases cited in support of the text quoted above.

It is conceded that no fraud was practiced or intended in the adjudication in the County Court upon the appellants or their wards; and that no action had been taken to set aside its order and judgment, until the filing of appellants' answer herein. Besides, appellants by their tacit admission of record, received the moneys decreed to appellee by the County Court *as the agents and trustees of appellee*, and ought not to be heard now, to controvert her legal right thereto. It is claimed by appellants that at the time of the order of distribution in the County Court, appellants were not aware of the legal rights of their wards in the premises, and did not

become aware thereof until long after making such distribution, and hence did not then claim or insist that appellee was not rightfully or legally entitled to dower, widow's award and distributive share in the estate of Moritz Loock as then adjudged to her. A court of equity will not grant relief against, or correct a mistake or misapprehension of the law, and if a party designs or undertakes to perform an act under a mistaken view of the law affecting the transaction, he is held to the obligation incurred. Goltra v. Sanasack, 53 Ill. 456. This doctrine is too well established to require further citation of authorities in its support.

If we are correct in the view taken upon the law and facts presented in this record, it is not needful that we pass upon the other points made by the counsel for either party, as the views above expressed as to the finding of the judgment of the County Court, and the right of the appellee thereunder to the moneys in the appellants' hands, is not a subject for investigation in this proceeding, and the Circuit Court properly so held, and committed no error in its final decree; and that decree must be affirmed.

*Decree affirmed.*